# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| IN RE: DOXYCYCLINE CASES | 16-DX-27240 |
| THIS DOCUMENT RELATES TO:<br><br>*DOXYCYCLINE DIRECT PURCHASER ACTION* | 16-DX-27241 |

## DEFENDANT MAYNE PHARMA INC.'S ANSWER TO CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendant Mayne Pharma Inc. ("Mayne"), by and through its counsel, hereby answers and submits affirmative defenses to the Direct Purchaser Plaintiffs' Consolidated Class Action Complaint ("Complaint") (ECF 83), as set forth below.

Mayne denies the allegations in the Complaint except as specifically admitted, denies any allegations as to which there is no specific response, denies all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs, and denies that it violated federal antitrust laws in any way. Mayne further states that this Answer is solely on behalf of Mayne Pharma Inc., and Mayne is answering allegations only as to itself. Mayne lacks knowledge or information to form a belief about the truth of the allegations in the Complaint that are directed toward other defendants and on that basis denies all such allegations.

## I.   INTRODUCTION

1.   Mayne admits that Plaintiffs have filed a class action complaint against Mayne. The remaining allegations of Paragraph 1 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 1 to the extent they purport to relate to Mayne.

2.   Mayne denies the allegations of Paragraph 2.

3.   Mayne admits that Plaintiffs assert violations of antitrust law.  Mayne denies the remaining allegations of Paragraph 3.

4.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4 and, therefore, denies all such allegations.

5.   Mayne admits that doxycycline hyclate delayed-release ("Doxy DR") is a tetracycline-class generic drug indicated for: specific bacterial infections; sexually transmitted infections; ophthalmic infections; acne; urinary tract infections; and certain intestinal infections.

Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 5 and, therefore, denies all such allegations.

6.       Mayne admits that Doxy DR is available in tablet form in different dosages. Mayne specifically denies the second sentence of Paragraph 6.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 6 and, therefore, denies all such allegations.

7.       The allegations in Paragraph 7 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 7 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 and, therefore, denies all such allegations.

8.       Mayne denies the allegations in Paragraph 8.

9.       Mayne denies the allegations in Paragraph 9.

10.      Mayne admits that it received a subpoena from the United States Department of Justice related to the pricing and sale of generic pharmaceuticals.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 and, therefore, denies all such allegations.

11.      Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and, therefore, denies all such allegations.

12.      The allegations in Paragraph 12 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 12 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph

12 as they relate to other Defendants or third-parties and, therefore, denies all such allegations.

13.     The allegations in Paragraph 13 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 13 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 as they relate to other Defendants or third-parties and, therefore, denies all such allegations

14.     The allegations in Paragraph 14 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 14 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 as they relate to other Defendants or third-parties and, therefore, denies all such allegations

15.     The allegations in Paragraph 15 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 15 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 as they relate to other Defendants and, therefore, denies all such allegations.

16.     Mayne admits that certain state attorneys general filed a civil action against Mayne and others in December 2016.  Mayne denies the remaining allegations in Paragraph 16 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 as they relate to other Defendants and third-parties and, therefore, denies all such allegations.

17.     The allegations in Paragraph 17 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in

Paragraph 17 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 as they relate to other Defendants and, therefore, denies all such allegations.

18.     Mayne denies the allegations of Paragraph 18.

19.     Mayne denies the allegations of Paragraph 19.

## II.     JURISDICTION AND VENUE

20.     The allegations of Paragraph 20 set forth legal conclusions to which no response is required, but if a response is required, Manye denies such allegations.

21.     The allegations in Paragraph 21 set forth legal conclusions to which no response is required, but if a response is required, Manye denies such allegations.

22.     Mayne admits that it has sold Doxy DR in the United States.  The remaining allegations in Paragraph 22 set forth legal conclusions to which no response is required, but if a response is required, Mayne denies such allegations.

23.     The allegations of Paragraph 23 set forth legal conclusions to which no response is required, but if a response is required, Mayne denies such allegations.

## III.     PARTIES

**A.     Plaintiffs**

24.     Mayne denies that Plaintiffs were injured in their business or property by reason of the allegations. Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 and, therefore, denies all such allegations.

25.     Mayne denies that Plaintiffs were injured in their business or property by reason of the allegations. Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 and, therefore, denies all such allegations.

26.     Mayne denies that Plaintiffs were injured in their business or property by reason of the allegations. Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 and, therefore, denies all such allegations.

27.     Mayne denies that Plaintiffs were injured in their business or property by reason of the allegations. Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 and, therefore, denies all such allegations.

28.     Mayne denies that Plaintiffs were injured in their business or property by reason of the allegations. Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 and, therefore, denies all such allegations.

**B.     Defendants**

29.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and, therefore, denies all such allegations.

30.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and, therefore, denies all such allegations.

31.     Mayne admits that its principal place of business is in Raleigh, North Carolina. Mayne denies the remaining allegations in Paragraph 31.

32.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and, therefore, denies all such allegations.

33.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and, therefore, denies all such allegations.

34.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and, therefore, denies all such allegations.

35.     Mayne lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 35 and, therefore, denies all such allegations.

36.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and, therefore, denies all such allegations.

37.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and, therefore, denies all such allegations.

38.     Mayne denies the allegations in Paragraph 38 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 as they relate to other Defendants and, therefore, denies all such allegations.

**C.      Co-Conspirators**

39.     Mayne denies the allegations in Paragraph 39.

40.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 40 and, therefore, denies all such allegations. Mayne denies the remaining allegations in Paragraph 40.

41.     Mayne denies the allegations in Paragraph 41.

42.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and, therefore, denies all such allegations.

43.     Mayne denies the allegations in Paragraph 43 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 as they relate to other parties and, therefore, denies all such allegations.

## IV.     INTERSTATE TRADE AND COMMERCE

44.     Mayne lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 44 and, therefore, denies all such allegations.

45.     Mayne admits that its parent company has manufactured Doxy DR.  Mayne denies the remaining allegations in Paragraph 45 as they relate to Mayne.  Mayne lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 45 as to other Defendants and, therefore, denies all such allegations.

46.     Mayne admits that it has sold Doxy DR in the United States.  Mayne denies the remaining allegations in Paragraph 46 as they relate to Mayne.  Mayne lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 46 as to other Defendants and, therefore, denies all such allegations.

47.     Mayne denies the allegations in Paragraph 47 as they relate to Mayne.  Mayne lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 47 as to other Defendants and, therefore, denies all such allegations.

48.     Mayne denies the allegations in Paragraph 48.

49.     Mayne denies the allegations in Paragraph 49.

50.      Mayne denies the allegations in Paragraph 50.

## V.      FACTUAL ALLEGATIONS

**A.     The Generic Drug Market Is a Commodities Market, Where Competition Historically Has Been Keen.**

**1.      Generic drugs should lead to lower prices.**

51.     The allegations in Paragraph 51 are not directed toward Mayne, and therefore no response is required.  The allegations in Paragraph 51 set forth legal conclusions to which no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 51 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph

51 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

52.     The allegations in Paragraph 52 are not directed toward Mayne, and therefore no response is required.  The allegations in Paragraph 52 set forth legal conclusions to which no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 52 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

53.     The allegations in Paragraph 53 are not directed toward Mayne, and therefore no response is required.  The allegations in Paragraph 53 set forth legal conclusions to which no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 53 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 53 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

54.     The allegations in Paragraph 54 are not directed toward Mayne, and therefore no response is required.  The allegations in Paragraph 54 set forth legal conclusions to which no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 54 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

55.     The allegations in Paragraph 55 are not directed toward Mayne, and therefore no response is required.  The allegations in Paragraph 55 set forth legal conclusions to which no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 55 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 55 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

56.     The allegations in Paragraph 56 are not directed toward Mayne, and therefore no response is required.  The allegations in Paragraph 56 set forth legal conclusions to which no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 56 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

57.     The allegations in Paragraph 57 are not directed toward Mayne, and therefore no response is required.  The allegations in Paragraph 57 set forth legal conclusions to which no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 57 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

58.     The allegations in Paragraph 58 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in

Paragraph 58 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 58 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

> **2.  Prescription drug prices in the United States are governed by institutional safeguards, which are intended to keep drug prices competitive.**

59.      The allegations in Paragraph 59 are not directed toward Mayne, and therefore no response is required.  The allegations in Paragraph 59 set forth legal conclusions to which no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 59 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 59 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

60.      Mayne admits that it has reported a Wholesale Acquisition Cost ("WAC") for Doxy DR. The remaining allegations in Paragraph 60 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 60 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60 as they relate to other Defendants and/or non-parties and, therefore, denies all such allegations.

61.      Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and, therefore, denies all such allegations.

62.      Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and, therefore, denies all such allegations.

63.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and, therefore, denies all such allegations.

64.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and, therefore, denies all such allegations.

65.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and, therefore, denies all such allegations.

66.     Mayne denies the allegations in Paragraph 66.

**B.     Defendants Conspired to, Among Other Things, Fix Doxycycline Prices.**

67.     The allegations in Paragraph 67 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 67 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 67 as they relate to other Defendants or third-parties and, therefore, denies all such allegations.

68.     Mayne admits that it received a subpoena from the United States Department of Justice related to the pricing and sales of generic pharmaceuticals.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68 as they relate to other Defendants or third parties and, therefore, denies all such allegations.

69.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and, therefore, denies all such allegations.

70.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and, therefore, denies all such allegations.

**1.     Doxycycline Regular Releases**

**a.     Defendants dominance over Doxycycline Regular Release sales permitted them to fix prices, rig bids, and engage in market and**

**customer allocation, and their abrupt price increases are otherwise inexplicable.**

71.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and, therefore, denies all such allegations.

72.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and, therefore, denies all such allegations.

73.     The allegations in Paragraph 73 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 73 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 73 as they relate to other Defendants and, therefore, denies all such allegations.

       **b.**     **Defendants' collective market dominance permitted them to collude.**

74.     The allegations in Paragraph 74 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 74 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74 as they relate to other Defendants and, therefore, denies all such allegations.

75.     The allegations in Paragraph 75 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 75 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 75 as they relate to other Defendants and, therefore, denies all such allegations.

       **c.**     **Defendants' effective prices were remarkably stable before skyrocketing in the Class Period.**

76.     The allegations in Paragraph 76 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 76 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76 as they relate to other Defendants and, therefore, denies all such allegations.

77.     The allegations in Paragraph 77 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 77 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 77 as they relate to other Defendants and, therefore, denies all such allegations.

78.     The allegations in Paragraph 78 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 78 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 78 as they relate to other Defendants and, therefore, denies all such allegations.

79.     The allegations in Paragraph 79 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 79 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 79 as they relate to other Defendants and, therefore, denies all such allegations.

80.     The allegations in Paragraph 80 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 80 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80 as they relate to other Defendants and, therefore, denies all such allegations.

81.     The allegations in Paragraph 81 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 81 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 81 as they relate to other Defendants and, therefore, denies all such allegations.

82.     The allegations in Paragraph 82 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 82 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 82 as they relate to other Defendants and, therefore, denies all such allegations.

83.     The allegations in Paragraph 83 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 83 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 83 as they relate to other Defendants and, therefore, denies all such allegations.

84.     The allegations in Paragraph 84 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 84 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 84 as they relate to other Defendants and, therefore, denies all such allegations.

85.     The allegations in Paragraph 85 are not directed toward Mayne, and therefore no

response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 85 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 85 as they relate to other Defendants and, therefore, denies all such allegations.

86.     The allegations in Paragraph 86 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 86 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 86 as they relate to other Defendants and, therefore, denies all such allegations.

87.     The allegations in Paragraph 87 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 87 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 87 as they relate to other Defendants and, therefore, denies all such allegations.

88.     The allegations in Paragraph 88 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 88 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 88 as they relate to other Defendants and, therefore, denies all such allegations.

89.     The allegations in Paragraph 89 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 89 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph

89 as they relate to other Defendants and, therefore, denies all such allegations.

90.     The allegations in Paragraph 90 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 90 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 90 as they relate to other Defendants and, therefore, denies all such allegations.

> **d.**     **As part of the conspiracy, Defendants increased their WAC benchmarks exorbitantly within weeks of each other.**

91.     The allegations in Paragraph 91 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 91 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 91 as they relate to other Defendants and, therefore, denies all such allegations.

92.      The allegations in Paragraph 92 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 92 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 92 as they relate to other Defendants and, therefore, denies all such allegations.

> **e.**     **Whatever shortages or other market changes may have occurred during the Class Period, they alone cannot have caused the extraordinary price increase.**

93.     Mayne admits the allegations in the first sentence in Paragraph 93.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 93 and, therefore, denies all such allegations.

> **i.**     **Reported "shortages" do not correlate with reduced sales.**

94.     The allegations in Paragraph 94 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 94 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 94 as they relate to other Defendants and, therefore, denies all such allegations.

95.     The allegations in Paragraph 95 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 95 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 95 as they relate to other Defendants and, therefore, denies all such allegations.

96.     The allegations in Paragraph 96 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 96 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 96 as they relate to other Defendants and, therefore, denies all such allegations.

> ii.     **Defendants' exponential increases in revenue also support price collaboration.**

97.     The allegations in Paragraph 97 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 97 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 97 as they relate to other Defendants and, therefore, denies all such allegations.

98.     The allegations in Paragraph 98 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in

Paragraph 98 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 98 as they relate to other Defendants and, therefore, denies all such allegations.

**f.      Evidence unearthed in a related case corroborates Par's involvement in the conspiracy.**

99.     The allegations in Paragraph 99 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 99 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 99 as they relate to other Defendants and, therefore, denies all such allegations.

100.     The allegations in Paragraph 100 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 100 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 100 as they relate to other Defendants and, therefore, denies all such allegations.

101.     The allegations in Paragraph 101 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 101 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 101 as they relate to other Defendants and, therefore, denies all such allegations.

102.     The allegations in Paragraph 102 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 102 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph

102 as they relate to other Defendants and, therefore, denies all such allegations.

## 2.   Doxycycline DR

### a.   Defendants' dominance over Doxycycline DR sales permitted them to fix, maintain, and stabilize prices, rig bids, and engage in market and customer allocation.

103.   The allegations in Paragraph 103 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 103 to the extent they purport to relate to Mayne.  Mayne also lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 103 as they relate to other Defendants and, therefore, denies all such allegations.

104.   Mayne denies the allegations in the first sentence of Paragraph 104.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 104 and, therefore, denies all such allegations.

105.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 105 and, therefore, denies all such allegations.  Mayne denies the allegations in the second sentence of Paragraph 105.  The remaining allegations in Paragraph 105 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the remaining allegations in Paragraph 105 to the extent they purport to relate to Mayne.

### b.   The Doxycycline DR scheme.

106.   Mayne denies the allegations in Paragraph 106.

107.   The allegations in Paragraph 107 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 107 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 107 as they relate to other Defendants and, therefore, denies all such allegations.

108.    The allegations in Paragraph 108 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 108 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 108 as they relate to other Defendants and, therefore, denies all such allegations.

109.    The allegations in Paragraph 109 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 109 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 109 as they relate to other Defendants and, therefore, denies all such allegations.

110.    Mayne admits that it aggressively and lawfully competed in the Doxy DR market. Mayne denies the remaining allegations in Paragraph 110.

111.    Mayne denies the allegations in Paragraph 111.

112.    The allegations in the first, second, and fifth bullet points of Paragraph 112 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies such allegations in Paragraph 112 to the extent they purport to relate to Mayne.  Mayne denies the remaining allegations in Paragraph 112.

113.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 and, therefore, denies all such allegations.

**C.    Defendants Orchestrated Their Collusion Through In-Person Meetings at Trade Association Meetings, Industry Meetings, and Other Events.**

114.    Mayne denies the allegations in Paragraph 114.

115.    Mayne denies the allegations in Paragraph 115.

116.    Mayne denies the allegations in Paragraph 116.

117.    Mayne denies the allegations in Paragraph 117.

118.    Mayne denies the allegations in Paragraph 118.

119.    The allegations in Paragraph 119 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 119 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 119 as they relate to other Defendants and, therefore, denies all such allegations.

120.    Mayne denies the allegations of Paragraph 120.

121.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121 and, therefore, denies all such allegations.

122.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122 and, therefore, denies all such allegations.

123.    The allegations in Paragraph 123 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 123 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 123 as they relate to other Defendants and, therefore, denies all such allegations.

124.    The allegations in Paragraph 124 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 124 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph

124 as they relate to other Defendants and, therefore, denies all such allegations.

125.    The allegations in Paragraph 125 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 125 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 125 as they relate to other Defendants and, therefore, denies all such allegations.

126.    The allegations in Paragraph 126 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 126 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 126 as they relate to other Defendants and, therefore, denies all such allegations.

127.    The allegations in Paragraph 127 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 127 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 127 as they relate to other Defendants and, therefore, denies all such allegations.

128.    The allegations in Paragraph 128 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 128 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 128 as they relate to other Defendants and, therefore, denies all such allegations.

129.    The allegations in Paragraph 129 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in

Paragraph 129 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 129 as they relate to other Defendants and, therefore, denies all such allegations.

130.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130 and, therefore, denies all such allegations.

131.    The allegations in Paragraph 131 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 131 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 131 as they relate to other Defendants and, therefore, denies all such allegations.

132.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 and, therefore, denies all such allegations.

133.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 and, therefore, denies all such allegations.

134.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 and, therefore, denies all such allegations.

135.    The allegations in Paragraph 135 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 135 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 135 as they relate to other Defendants and, therefore, denies all such allegations.

136.    The allegations in Paragraph 136 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in

Paragraph 136 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 136 as they relate to other Defendants and, therefore, denies all such allegations.

137.    Mayne denies the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 138 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 138 as they relate to other Defendants and, therefore, denies all such allegations.

139.    The allegations in Paragraph 139 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 139 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 139 as they relate to other Defendants and, therefore, denies all such allegations.

140.    The allegations in Paragraph 140 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 140 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 140 as they relate to other Defendants and, therefore, denies all such allegations

141.    The allegations in Paragraph 141 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 141 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph

141 as they relate to other Defendants and, therefore, denies all such allegations.

142.    The allegations in Paragraph 142 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 142 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 142 as they relate to other Defendants and, therefore, denies all such allegations.

143.    The allegations in Paragraph 143 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 143 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 143 as they relate to other Defendants and, therefore, denies all such allegations.

144.    The allegations in Paragraph 144 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 144 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 144 as they relate to other Defendants and, therefore, denies all such allegations.

145.    The allegations in Paragraph 145 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 145 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 145 as they relate to other Defendants and, therefore, denies all such allegations.

146.    The allegations in Paragraph 146 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in

Paragraph 146 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 146 as they relate to other Defendants and, therefore, denies all such allegations.

147.    The allegations in Paragraph 147 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 147 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 147 as they relate to other Defendants and, therefore, denies all such allegations

148.    The allegations in Paragraph 148 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 148 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 148 as they relate to other Defendants and, therefore, denies all such allegations

149.    The allegations in Paragraph 149 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 149 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 149 as they relate to other Defendants and, therefore, denies all such allegations.

150.    The allegations in Paragraph 150 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 150 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 150 as they relate to other Defendants and, therefore, denies all such allegations.

151.    The allegations in Paragraph 151 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 151 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 151 as they relate to other Defendants and, therefore, denies all such allegations.

152.    The allegations in Paragraph 152 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 152 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 152 as they relate to other Defendants and, therefore, denies all such allegations.

153.    Mayne admits that certain of its representatives attended a NACDS event in Boston, Massachusetts in 2014.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 153 and, therefore, denies all such allegations.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 153 as they relate to other Defendants and, therefore, denies all such allegations.

154.    The allegations in Paragraph 154 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 154 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 154 as they relate to other Defendants and, therefore, denies all such allegations.

155.    The allegations in Paragraph 155 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in

Paragraph 155 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 155 as they relate to other Defendants or third parties and, therefore, denies all such allegations.

156.    Mayne denies the allegations in Paragraph 156.

157.    Mayne denies the allegations in Paragraph 157.

158.    The allegations in Paragraph 158 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 158 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 158 as they relate to other Defendants or third parties and, therefore, denies all such allegations

159.    The allegations in Paragraph 159 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 159 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 159 as they relate to other Defendants or third parties and, therefore, denies all such allegations.

160.    Mayne denies the allegations in Paragraph 160.

161.    Mayne denies the allegations in Paragraph 161.

162.    Mayne denies the allegations in Paragraph 162.

**1.      Investor communications demonstrate Defendants' intent to fix and maintain supracompetitive prices.**

163.    To the extent they purport to relate to Mayne, Mayne denies the allegations in Paragraph 163.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163 as they relate to other Defendants and, therefore, denies all such allegations.

164.    The allegations in Paragraph 164 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 164 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 164 as they relate to other Defendants and, therefore, denies all such allegations.

165.    The allegations in Paragraph 165 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 165 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 165 as they relate to other Defendants and, therefore, denies all such allegations.

166.    The allegations in Paragraph 166 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 166 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 166 as they relate to other Defendants and, therefore, denies all such allegations.

167.    The allegations in Paragraph 167 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 167 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 167 as they relate to other Defendants and, therefore, denies all such allegations.

168.    The allegations in Paragraph 168 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 168 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 168 as they relate to other Defendants and, therefore, denies all such allegations.

169.    Mayne denies the allegations in Paragraph 169.

170.    Mayne denies the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 171 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 171 as they relate to other Defendants and, therefore, denies all such allegations.

172.    The allegations in Paragraph 172 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 172 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 172 as they relate to other Defendants and, therefore, denies all such allegations.

173.    The allegations in Paragraph 173 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 173 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 173 as they relate to other Defendants and, therefore, denies all such allegations.

174.    The allegations in Paragraph 174 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 174 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph

174 as they relate to other Defendants and, therefore, denies all such allegations.

175.    The allegations in Paragraph 175 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 175 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 175 as they relate to other Defendants and, therefore, denies all such allegations.

176.    The allegations in Paragraph 176 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 176 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 176 as they relate to other Defendants and, therefore, denies all such allegations.

177.    The allegations in Paragraph 177 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 177 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 177 as they relate to other Defendants and, therefore, denies all such allegations.

178.    The allegations in Paragraph 178 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 178 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 178 as they relate to other Defendants and, therefore, denies all such allegations.

179.    The allegations in Paragraph 179 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in

Paragraph 179 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 179 as they relate to other Defendants and, therefore, denies all such allegations.

180.     The allegations in Paragraph 180 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 180 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 180 as they relate to other Defendants and, therefore, denies all such allegations.

181.     The allegations in Paragraph 181 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 181 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 181 as they relate to other Defendants and, therefore, denies all such allegations.

182.     The allegations in Paragraph 182 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 182 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 182 as they relate to other Defendants and, therefore, denies all such allegations.

183.     The allegations in Paragraph 183 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 183 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 183 as they relate to other Defendants and, therefore, denies all such allegations.

32

184.     The allegations in Paragraph 184 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 184 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 184 as they relate to other Defendants and, therefore, denies all such allegations.

185.     The allegations in Paragraph 185 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 185 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 185 as they relate to other Defendants and, therefore, denies all such allegations.

186.     The allegations in Paragraph 186 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 186 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 186 as they relate to other Defendants and, therefore, denies all such allegations.

187.     The allegations in Paragraph 187 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 187 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 187 as they relate to other Defendants and, therefore, denies all such allegations.

188.     The allegations in Paragraph 188 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 188 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 188 as they relate to other Defendants and, therefore, denies all such allegations.

189.    The allegations in Paragraph 189 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 189 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 189 as they relate to other Defendants and, therefore, denies all such allegations.

190.    The allegations in Paragraph 190 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 190 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 190 as they relate to other Defendants and, therefore, denies all such allegations.

191.    The allegations in Paragraph 191 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 191 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 191 as they relate to other Defendants and, therefore, denies all such allegations.

192.    The allegations in Paragraph 192 are not directed toward Mayne, and therefore no response is required.   To the extent a response is required, Mayne denies the allegations in Paragraph 192 to the extent they purport to relate to Mayne.   Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 192 as they relate to other Defendants and, therefore, denies all such allegations.

193.    The allegations in Paragraph 193 are not directed toward Mayne, and therefore no

response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 193 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 193 as they relate to other Defendants and, therefore, denies all such allegations.

194.    The allegations in Paragraph 194 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 194 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 194 as they relate to other Defendants and, therefore, denies all such allegations.

195.    The allegations in Paragraph 195 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 195 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 195 as they relate to other Defendants and, therefore, denies all such allegations.

196.    The allegations in Paragraph 196 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 196 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 196 as they relate to other Defendants and, therefore, denies all such allegations.

197.    The allegations in Paragraph 197 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 197 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph

197 as they relate to other Defendants and, therefore, denies all such allegations.

      **2.**      **Industry commentary indicates Defendants' collusion is a plausible explanation for the increase in Doxycycline price**

198.     Mayne denies the allegations in the first sentence of Paragraph 198. Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 198 and, therefore, denies all such allegations.

199.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 199 and, therefore, denies all such allegations.

200.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 200 and, therefore, denies all such allegations.

201.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 201 and, therefore, denies all such allegations.

**D.**     **Defendants' Conduct in Generic Drug Pricing Is Under Investigation by the United States Congress, the DOJ, and the State Attorney General.**

      **1.**      **Congress launched an investigation in response to news reports of a dramatic rise in the price of certain generic drugs.**

202.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 202 and, therefore, denies all such allegations.

203.     The allegations in Paragraph 203 are not directed toward Mayne, and therefore no response is required. To the extent a response is required, Mayne denies the allegations in Paragraph 203 to the extent they purport to relate to Mayne. Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 203 as they relate to other Defendants and, therefore, denies all such allegations.

204.     Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 204 and, therefore, denies all such allegations.

205.    The allegations in Paragraph 205 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 205 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 205 as they relate to other Defendants and, therefore, denies all such allegations.

206.    The allegations in Paragraph 206 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 206 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 206 as they relate to other Defendants and, therefore, denies all such allegations.

207.    The allegations in Paragraph 207 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 207 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 207 as they relate to other Defendants and, therefore, denies all such allegations.

208.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208 and, therefore, denies all such allegations.

209.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 209 and, therefore, denies all such allegations.

**2.    The DOJ launched a broad criminal investigation into anticompetitive conduct by generic drug manufacturers.**

210.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210 and, therefore, denies all such allegations.

211.    Mayne lacks knowledge or information sufficient to form a belief about the truth

of the allegations in the first four sentences of Paragraph 211 and, therefore, denies all such allegations.  The allegations in the last sentence of Paragraph 211 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in the last sentence of Paragraph 211 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the last sentence of Paragraph 211 as they relate to other Defendants and, therefore, denies all such allegations.

212.    The allegations in Paragraph 212 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 212 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 212 as they relate to other Defendants and, therefore, denies all such allegations.

213.    Mayne denies the allegations in Paragraph 213.

214.    The allegations in Paragraph 214 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 214 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 214 as they relate to other Defendants and, therefore, denies all such allegations.

215.    The allegations in Paragraph 215 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 215 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 215 as they relate to other Defendants and, therefore, denies all such allegations.

216.    The allegations in Paragraph 216 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 216 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 216 as they relate to other Defendants and, therefore, denies all such allegations.

217.    The allegations in Paragraph 217 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 217 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 217 as they relate to other Defendants and, therefore, denies all such allegations.

218.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 218 and, therefore, denies all such allegations.

219.    Mayne denies the allegations in the first sentence of Paragraph 219.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 219 and, therefore, denies all such allegations.

220.    Mayne denies the allegations in Paragraph 220.

221.    The allegations in Paragraph 221 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in Paragraph 221 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 221 as they relate to other Defendants and, therefore, denies all such allegations.

222.    The allegations in Paragraph 222 are not directed toward Mayne, and therefore no response is required.  To the extent a response is required, Mayne denies the allegations in

Paragraph 222 to the extent they purport to relate to Mayne.  Mayne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 222 as they relate to other Defendants or third-parties and, therefore, denies all such allegations.

223.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 223 and, therefore, denies all such allegations.

224.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 224 and, therefore, denies all such allegations.

> **3.    Led by State of Connecticut, 45 state attorneys general launched their own investigation of antitrust violations in the generic drug industry.**

225.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 225 and, therefore, denies all such allegations.

226.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 226 and, therefore, denies all such allegations.

227.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 227 and, therefore, denies all such allegations.

228.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 228 and, therefore, denies all such allegations.

229.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 229 and, therefore, denies all such allegations.

230.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 230 and, therefore, denies all such allegations.

## VI.    DOXYCYCLINE MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

231.    Mayne denies the allegations of Paragraph 231.

232.    Mayne denies the allegations of Paragraph 232.

233.    Mayne denies the allegations of Paragraph 233.

## VII.    CLASS ACTION ALLEGATIONS

234.    Mayne denies the allegations in Paragraph 234.

235.    Mayne denies the allegations of Paragraph 235.

236.    Mayne denies the allegations of Paragraph 236.

237.    Mayne denies the allegations of Paragraph 237.

238.    Mayne denies the allegations of Paragraph 238.

239.    Mayne denies the allegations of Paragraph 239.

240.    Mayne denies the allegations of Paragraph 240.

241.    Mayne denies the allegations of Paragraph 241.

242.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 242 and, therefore, denies all such allegations.

## VIII.   ANTITRUST INJURY

243.    Mayne lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 243 and, therefore, denies all such allegations.  Mayne denies the remaining allegations of Paragraph 243.

244.    Mayne denies the allegations of Paragraph 244.

245.    Mayne denies the allegations of Paragraph 245.

246.    Mayne denies the allegations of Paragraph 246.

## IX.    CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT

247.    Mayne denies the allegations of Paragraph 247.

248.    Mayne denies the allegations of Paragraph 248.

249.    Mayne denies the allegations of Paragraph 249.

250.   Mayne denies the allegations of Paragraph 250.

251.   Mayne denies the allegations of Paragraph 251.

252.   Mayne denies the allegations of Paragraph 252.

253.   Mayne denies the allegations of Paragraph 253.

254.   Mayne denies the allegations of Paragraph 254.

255.   Mayne denies the allegations of Paragraph 255.

## X.   PRAYER FOR RELIEF

A.   The allegations of this Paragraph A set forth legal conclusions to which no response is required, but if a response is required, Manye denies such allegations.

B.   The allegations of this Paragraph B set forth legal conclusions to which no response is required, but if a response is required, Manye denies such allegations.

C.   The allegations of this Paragraph C set forth legal conclusions to which no response is required, but if a response is required, Manye denies such allegations.

D.   The allegations of this Paragraph D set forth legal conclusions to which no response is required, but if a response is required, Manye denies such allegations.

E.   The allegations of this Paragraph E set forth legal conclusions to which no response is required, but if a response is required, Manye denies such allegations.

F.   The allegations of this Paragraph F set forth legal conclusions to which no response is required, but if a response is required, Manye denies such allegations.

## AFFIRMATIVE DEFENSES

As stated in its Answer above, Mayne does not admit any liability, that Plaintiffs have been injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Nevertheless, Mayne pleads in the alternative the following affirmative defenses.  Mayne does

not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs.  Mayne incorporates by reference any defenses applicable to it that are asserted by any other Defendant as if fully set forth herein.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## SECOND DEFENSE

Plaintiffs' fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, if and to the extent that Plaintiffs have been damaged, which Mayne denies, the amount of damages that Plaintiffs allege to have suffered is too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

## FOURTH DEFENSE

If and to the extent Plaintiffs have been damaged, which Mayne denies, Plaintiffs, by the exercise of reasonable diligence, could have mitigated their damages by purchasing substitute products or purchasing from alternative suppliers. Plaintiffs did not mitigate their damages and therefore are barred from recovery. Alternatively, any damages sustained by Plaintiffs, which Mayne denies, must be reduced by the amount that such damages would have been reduced had Plaintiffs exercised reasonable diligence in mitigating their damages.

## FIFTH DEFENSE

Plaintiffs attempt to allege a conspiracy spanning five or more years that it claims resulted in them paying higher prices for the products in issue. Plaintiffs allege no facts that explain or justify its delay in bringing this lawsuit. To the extent Plaintiffs could have brought essentially the same suit years earlier, Plaintiffs are barred from pursuing all or part of such claims by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injury or damages the Plaintiffs may have suffered were caused solely or proximately by market conditions or the acts and omissions of others and not by any act or omission attributable to Mayne, and any injury suffered was not of the type that the relevant statutes were designed to prevent.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because the actions or practices of Mayne that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuant of Mayne's independent interests and those of its customers, and were not the result of any contract, combination, or conspiracy between Mayne and any other person or entity.

## EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent any recovery by Plaintiff would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting Mayne to the possibility of multiple recovery; such recovery is barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## NINTH DEFENSE

If and to the extent that Plaintiffs have been damaged, which Mayne denies, Plaintiffs' claims for equitable relief are barred because Plaintiff has an adequate remedy at law and there is no threat of present, future, or continuing harm.

## TENTH DEFENSE

On information and belief, some supply and sales agreements between one or more of the Defendants and the Plaintiffs contain mandatory arbitration clauses, venue clauses, or jury waivers. This Court lacks jurisdiction to adjudicate any claim pertaining to those agreements.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class lack standing to assert their claims under applicable statutory requirements and Article III of the United States Constitution.

**TWELFTH DEFENSE**

Plaintiffs' alleged damages, if any, were caused, in whole or in part, by Plaintiffs' own conduct, by the conduct of persons or entities with regard to whom Plaintiffs are legally responsible, and/or by the conduct of persons or entities with regard to whom Mayne is not legally responsible, and not by any alleged conduct on the part of Mayne.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by any non-settling Defendants' right to set off any amounts paid to Plaintiffs by an Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, due to the ratification or, and consent to, any conduct attributable to Mayne.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred because this action may not be maintained as a class action.

**SIXTEENTH DEFENSE**

Plaintiffs have not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because no act or omission by Mayne substantially lessened competition in any properly defined market.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third-parties over whom Mayne has no control, and thus constitute intervening or superseding causes of harm.

### NINETEENTH DEFENSE

Mayne has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available by law, or pursuant to statute, or during discovery proceedings.   Mayne reserves the right to amend its answer and its affirmative defenses accordingly, and to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

### TWENTIETH DEFENSE

Mayne adopts by reference any additional and applicable defense pleaded by any other Defendant in this matter.

### DEMAND FOR JUDGMENT

WHEREFORE, Mayne requests that the Court enter judgment for it by adjudging and decreeing that:

A.      Plaintiffs' claims as to Mayne be dismissed with prejudice;

B.      Mayne has not combined and conspired in violation of Section 1 of the Sherman Act, 15 U.S.C. §§ 1;

C.      Mayne has not violated any other law or prohibition;

D.      Plaintiffs are not entitled to recover any damages from Mayne;

E.      Plaintiffs are not entitled to equitable relief;

F.      Mayne recover its costs of this suit, including reasonable attorneys' fees as provided by law; and

G.      Mayne receive such other or further relief as may be just and proper.

Respectfully Submitted,

Dated:  January 31, 2019                    */s/ Michael E. Martinez*

Michael Martinez
Steven Kowal
Lauren Norris Donahue
Brian J. Smith
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Tel. 312-372-1121
Fax 312-827-8000
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Defendant Mayne Pharma Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Michael E. Martinez, hereby certify that on January 31, 2019, a true and correct copy of the foregoing **DEFENDANT MAYNE PHARMA INC.'S ANSWER TO CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT** was filed electronically and are available for viewing and downloading from the Court's ECF System, pursuant to Local Rule 5.1.2(8)(b). I further certify that the foregoing documents were served electronically upon all counsel of record via the ECF System and/or electronic mail.

Dated:  January 31, 2019                                         */s/ Michael Martinez*

                                                                Michael Martinez
                                                                **K&L GATES LLP**
                                                                70 W. Madison St., Suite 3300
                                                                Chicago, IL 60602
                                                                Tel. 312-372-1121
                                                                michael.martinez@klgates.com

                                                                *Counsel for Defendant Mayne Pharma Inc.*

48