# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 |
| IN RE:  DOXYCYCLINE CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE: 16-DX-27240 DIRECT CASE: 16-DX-27241 |
| *ALL DOXYCYCLINE DIRECT PURCHASER ACTIONS* | JURY TRIAL DEMANDED |
| AHOLD USA, INC.; CESAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| ACTAVIS HOLDCO U.S., INC.; HERITAGE PHARMACEUTICALS, INC.; MAYNE PHARMA USA, INC.; MYLAN INC.; MYLAN PHARMACEUTICALS INC.; PAR PHARMACEUTICAL, INC.; SUN PHARMACEUTICAL INDUSTRIES, INC.; and WEST-WARD PHARMACEUTICALS CORP., | |
| Defendants. | |

## WEST-WARD'S ANSWER TO CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendant West-Ward Pharmaceuticals Corp. ("West-Ward") by and through its attorneys, hereby answers and submits affirmative defenses to the Consolidated Direct Purchaser Class Action Complaint ("Complaint") brought by Plaintiffs Ahold USA, Inc., César Castillo, Inc., FWK Holdings, L.L.C., KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc., on behalf of themselves and all others similarly situated, ("Plaintiffs") as set forth below.

West-Ward denies the allegations in the Complaint except as specifically admitted; denies any allegations as to which there is no specific response; denies all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs; and denies that it violated the laws as alleged in the Complaint.  The headings used in this Answer are those used in the Complaint, are intended for the convenience of the reader only, and should not be deemed an admission.  To the extent such headings contain allegations, they are explicitly denied.  West-Ward further states that this Answer is solely on its behalf and is answering allegations only as to it.  West-Ward lacks knowledge or information to form a belief about the truth of the allegations in the Complaint that are directed toward other Defendants and on that basis denies all such allegations.

## I.    INTRODUCTION

1.    West-Ward admits that Plaintiffs purport to bring a Class Action Complaint as described.

2.    Denied.

3.    Denied.

4.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

5.      Admitted.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

12.     It is admitted only that the referenced charges were filed, which speak for themselves.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

13.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

14.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

15.     It is admitted only that DOJ filed a motion for a stay of discovery in MDL 2724, which speaks for itself.

16.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

17.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

18.     Denied.

19.     Denied.

## II.      JURISDICTION AND VENUE

20.      This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

21.      This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

22.      This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

23.      This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

## III.      PARTIES

24.      Denied.

25.      Denied.

26.      Denied.

27.      Denied.

28.      Denied.

29.      West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

30.      West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

31.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

32.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

33.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

34.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

35.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

36.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

37.     Admitted.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

## IV.     INTERSTATE TRADE AND COMMERCE

44.     Denied.

45.     It is admitted only that West-Ward causes Doxycycline to be manufactured in the United States.  West-Ward lacks sufficient knowledge or information to

determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

46.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

47.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

48.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

49.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

50.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

## V.     FACTUAL ALLEGATIONS

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

69.     It is admitted only that the State AGs filed a complaint, the content of which speaks for itself.  The remainder of the allegations of this paragraph are denied.

70.     Admitted.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

76.    Denied.

77.    Denied.

78.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

79.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

80.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

81.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

82.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

83.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

84.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

85.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

86.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

87.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

88.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

89.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

90.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

91.     It is admitted only that West-Ward increased its price on January 21, 2013 to the above-listed price.  West-Ward lacks sufficient knowledge or information to determine the truth of the allegations relating to other Defendants' price increases and the allegations are therefore denied.  West-Ward denies the remaining allegations of this paragraph.

92.     It is admitted only that West-Ward increased its prices on January 21, 2013 to the above-listed prices.  West-Ward lacks sufficient knowledge or information to determine the truth of the allegations relating to other Defendants' price increases and the allegations are therefore denied.  West-Ward denies the remaining allegations of this paragraph.

93.     Denied.

94.     The cited ASHP reports speak for themselves.  West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

95.     The cited ASHP reports speak for themselves.  West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

96.     It is admitted only that ASHP reported shortages of West-Ward's 50 mg capsules and of certain bottle sizes of its 100 mg capsules and tablets in December 2012, and that

the report states that "West-Ward could not provide a reason for the shortage." These ASHP reports speak for themselves. West-Ward denies any characterization or allegation that is inconsistent with these cited reports. West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

97.    Denied.

98.    Denied.

99.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

100.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

101.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

102.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    It is admitted only that West-Ward attended certain industry meetings and events.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    It is only admitted that the GPhA website contains such statements, which speak for themselves.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

122.    It is only admitted that the GPhA website contains such statements, which speak for themselves.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

123.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

124.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

125.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

126.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

127.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

128.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

129.    It is admitted only that West-Ward was a member of GPhA during a portion of the proposed class period.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

130.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

131.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

132.    It is admitted only that the MMCAP website contains such statements, which speak for themselves.  The remaining allegations of this paragraph are denied.

133.    Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

134.    It is admitted only that the ECRM website contains such statements, which speak for themselves.  The remaining allegations of this paragraph are denied.

135.    Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

136.    It is admitted only that West-Ward employees attended certain ECRM Efficient Program Planning Sessions.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations in this paragraph and the allegations are therefore denied.

137.    Denied.

138.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

139.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

140.    It is admitted only that the listed West-Ward employees attended this meeting, that Spiro Gavaris was VP Sales and Marketing and a key executive for generic drug sales and pricing, and that Paul Markowitz's title was Director, National Accounts.  West-Ward denies the remaining allegations regarding West-Ward and its employees.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

141.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

142.    It is denied that the individuals listed as West-Ward were employed by West-Ward at the time of this meeting or attended this meeting on West-Ward's behalf.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

143.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

144.     It is admitted only that the listed West-Ward employees attended this meeting, that Spiro Gavaris was VP Sales and Marketing and a key executive for generic drug sales and pricing, that Sam Goodman's title was Marketing Manager, that Tareq Darwazeh's title was Hospital Sales Portfolio National Accounts Sr. Manager, and that Paul Markowitz's title was Director, National Accounts.  West-Ward denies the remaining allegations directed to West-Ward and its employees.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

145.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

146.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

147.     It is admitted only that the listed West-Ward employees held the titles attributed to them and attended this meeting, and that Spiro Gavaris was a key executive for generic drug sales and pricing.  West-Ward denies the remaining allegations directed to West-Ward and its employees.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

148.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

149.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

150.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

151.    It is denied that the individuals listed as West-Ward were employed by West-Ward at the time of this meeting or attended this meeting on West-Ward's behalf.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

152.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

153.    It is admitted only that the listed West-Ward employees attended this meeting, that Spiro Gavaris was VP Sales and Marketing and a key executive for generic drug sales and pricing, that Sam Goodman's title was Marketing Manager, that Elizabeth Guerrero's title was Director, National Accounts, that Paul Markowitz's title was Director, National Accounts, and that Joel Rosenstack's title was Senior Director, Marketing.  West-Ward denies the remaining allegations directed to West-Ward and its employees.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

154.    It is admitted only that West-Ward employees attended this meeting. West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

155.    It is admitted only that West-Ward employees attended the following conferences:  the February 9-11, 2015 GPhA Annual Meeting in Miami, Florida; the February 22, 2015 ECRM meeting in Destin, Florida; the April 25-28, 2015 NACDS Annual Meeting in Palm Beach, Florida; the June 9-10, 2015 GPhA meeting in Bethesda, Maryland; the August 22-

25, 2015 NACDS Total Store Expo in Denver, Colorado; the November 2-4, 2015 GPhA

meeting in Bethesda, Maryland; the June 12-16, 2016 HDMA BLC in Colorado Springs,

Colorado; and the August 6-9, 2016, NACDS 2016 Total Store Expo in Boston, Massachusetts.

It is denied that West-Ward employees regularly attended trade association meetings,

conferences and events, and further denied that they attended the following conference:  the June

7-10, 2015 HDMA BLC in San Antonio, Texas.  West-Ward lacks sufficient knowledge or

information to determine the truth of the remaining allegations of this paragraph and the

allegations are therefore denied.

156.    Denied.

157.    Denied.

158.    It is admitted only that West-Ward is headquartered in Eatontown, New

Jersey.  The remainder of the allegations of this paragraph are denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    West-Ward lacks sufficient knowledge or information to determine the

truth of the allegations of this paragraph and the allegations are therefore denied.

165.    West-Ward lacks sufficient knowledge or information to determine the

truth of the allegations of this paragraph and the allegations are therefore denied.

166.    West-Ward lacks sufficient knowledge or information to determine the

truth of the allegations of this paragraph and the allegations are therefore denied.

167.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

168.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

169.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

170.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

171.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

172.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

173.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

174.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

175.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

176.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

177.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

178.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

179.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

180.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

181.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

182.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

183.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

184.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

185.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

186.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

187.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

188.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

189.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

190.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

191.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

192.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

193.    It is admitted only that the Hikma Pharmaceuticals Preliminary Results for 2013 states, "Strong cash flow reflects exceptional profitability of doxycycline," and that this report speaks for itself.  West-Ward denies any characterization or allegation that is inconsistent with this report.

194.    Hikma's 2014 announcement speaks for itself.  West-Ward denies any characterization or allegation that is inconsistent with the announcement.

195.    It is admitted only that during Hikma's Q2 2014 earnings call, Hikma's CFO stated, "I don't know many how many of you cover U.S. generic companies, but when I look at competitors and I look at most companies that are either U.S.-based don't have a strong position yet, are doing very well in the last few years.  So the market sources are changing, I believe, in the market," and that the transcript of this earnings call speaks for itself.  West-Ward denies any characterization or allegation that is inconsistent with the earnings call transcript.

196.    It is admitted only that the cited Bloomberg Business article reports that "[i]n an August interview, Hikma CEO Said Darwazeh explained it was 'forced' to raise prices

because its competitors raised theirs," and that this article speaks for itself.  West-Ward denies the remainder of the allegations in this paragraph.

197.    It is admitted only that at certain times during the proposed Class Period, West-Ward reported rising revenues for its United States generic business.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

203.    It is admitted only that West-Ward received a letter, dated October 2, 2014, from Senator Bernie Sanders (I-VT), Chair of the Subcommittee on Primary Health and Aging, Senate Committee on Health, Education, Labor and Pensions, and Representative Elijah E. Cummings (D-MD), Ranking Member of the House Committee on Oversight and Government Reform, the content of which speaks for itself.  West-Ward denies any characterization or allegation that is inconsistent with that letter.  West-Ward lacks sufficient knowledge or information to determine the truth of the remaining allegations of this paragraph and the allegations are therefore denied.

204.    It is admitted only that Senator Sanders and Representative Cummings issued a joint press release on or about October 2, 2014 regarding increases in generic prices, and that the press release speaks for itself.

205.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

- 19 -

206.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

207.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

208.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

209.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

210.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

211.    Denied.

212.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

213.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

214.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

215.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

216.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

217.    West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

218.     West-Ward lacks sufficient knowledge or information to determine the truth of the allegations of this paragraph and the allegations are therefore denied.

219.     Denied.

220.     Denied.

221.     Denied.

222.     It is admitted only that the charges against Malek and Glazer were filed, and those charges speak for themselves.  West-Ward denies the remainder of the allegations in this paragraph.

223.     It is admitted only that DOJ has intervened in MDL 2724 and certain other related civil actions.  The remaining allegations purport to quote from an oral argument transcript, the content of which speaks for itself.  The remaining allegations of this paragraph are denied.

224.     It is admitted only that the DOJ Spring 2017 Division Update contained the statements alleged, and that the document speaks for itself.

225.     It is admitted only that various States have filed complaints that are now pending in MDL 2724, and those complaints speak for themselves.  The remainder of the allegations of this paragraph are denied.

226.     It is admitted only that CTAG George Jepsen held a conference call on July 27, 2017, the transcript of which speaks for itself.  The remainder of the allegations of this paragraph are denied.

227.     It is admitted only that various States made filings with the United States Judicial Panel on May 16, 2017 and June 13, 2017, and those filings speak for themselves.  The remainder of the allegations of this paragraph are denied.

- 21 -

228.    It is admitted only that W. Joseph Nielsen held a conference call on July 27, 2017, the transcript of which speaks for itself.  The remainder of the allegations of this paragraph are denied.

229.    It is admitted only that the New York Attorney General issued a press release on December 15, 2016, which speaks for itself.  The remainder of the allegations of this paragraph are denied.

230.    Admitted.

## VI.    THE DOXYCYCLINE MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

231.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

232.    Denied.

233.    Denied.

## VII.    CLASS ACTION ALLEGATIONS

234.    It is admitted only that Plaintiffs bring this case as a proposed class action with the alleged proposed class definition.  The remainder of the allegations of this paragraph are denied.

235.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

236.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

237.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

238.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

239.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

240.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

241.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

242.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

**VIII.   ANTITRUST INJURY**

243.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

244.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

245.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

246.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

IX.     **CLAIM FOR RELIEF - VIOLATION OF SECTION 1 OF THE SHERMAN ACT**

247.     West-Ward repeats its answers to every allegation set forth above as though fully set forth herein.

248.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

249.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

250.     This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

251.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

252.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

253.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

254.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

255.    This paragraph contains a legal conclusion to which no response is required and is therefore denied.  To the extent a response is required, West-Ward denies the allegations in this paragraph.

## X.    PRAYER FOR RELIEF

West-Ward denies that Plaintiffs are entitled to any relief whatsoever from any of the Defendants, as requested by the Complaint or others.  West-Ward requests that the Court enter judgment in its favor.

## XI.    JURY TRIAL DEMANDED

West-Ward requests a jury trial on all claims so triable.

## AFFIRMATIVE DEFENSES

West-Ward sets forth below its affirmative defenses.  Each affirmative defense is asserted as to all claims against West-Ward.  By setting forth these affirmative defenses, West-Ward does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations.  Further, West-Ward reserves the right to assert any and all applicable defenses to the Plaintiffs' claims.  West-Ward has not yet obtained discovery from Plaintiffs or others in connection with this action, and West-Ward therefore reserves the right to amend or otherwise supplement this pleading.  As separate and distinct affirmative defenses, West-Ward asserts the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class lack Article III and statutory standing to assert their claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

- 26 -

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury proximately caused by any conduct on the part of West-Ward.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, if any, allegedly suffered as a result of the conduct they allege.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too remote and speculative and because of the impossibility of proof as to those damages.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims would result in West-Ward paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed West-Ward by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fifth and Fourteenth Amendments.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom West-Ward had no control, which constitute intervening or superseding causes of harm.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and any claims of putative class members are barred because Plaintiffs cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil

Procedure to maintain this action as a class action, including because there are not sufficient questions of law or fact that are common to the purported class.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of any putative class members against West-Ward are barred to the extent they have agreed to arbitration, chosen a different forum for the resolution of their claims, or waived a jury trial.  This Court lacks jurisdiction to adjudicate any claim pertaining to those agreements.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any and all of West-Ward's actions alleged by Plaintiffs were unilateral, consistent with its independent self-interest and the operation of a competitive marketplace, and lawful.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of West-Ward did not substantially lessen competition in any properly defined market.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of members of the class are barred because the alleged actions or practices of West-Ward that are the subject of the Complaint were undertaken because of economic coercion.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the alleged actions taken by West-Ward harmed consumers.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and any putative class members' request for attorneys' fees is inappropriate as a matter of law and based on the facts of this case.

## EIGHTEENTH AFFIRMATIVE DEFENSE

West-Ward adopts by reference any additional, applicable defense pleaded by any other Defendant in this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

West-Ward has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available.  West-Ward has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as it becomes known to it through discovery in this matter.  West-Ward further reserves the right to amend its Answer and/or Affirmative Defenses accordingly and/or to withdraw Affirmative Defenses that it determines are not applicable during the course of subsequent discovery.

WHEREFORE, West-Ward respectfully requests that this Court deny the relief requested by Plaintiffs, dismiss Plaintiffs' claims in their entirety with prejudice, award West-Ward all reasonable attorneys' fees and costs, and afford West-Ward any other relief as the Court finds just and proper.

Dated:  January 31, 2019                    Respectfully submitted,

                                            /s/ Jan P. Levine
                                            Jan P. Levine
                                            Robin P. Sumner
                                            Michael J. Hartman
                                            PEPPER HAMILTON LLP
                                            3000 Two Logan Square
                                            Eighteenth & Arch Streets
                                            Philadelphia, PA 19103-2799
                                            Tel. (215) 981-4000
                                            Fax. (215) 981-4750

                                            Keith J. Harrison
                                            Shari Ross Lahlou
                                            CROWELL & MORING LLP
                                            1001 Pennsylvania Avenue, NW
                                            Washington, D.C. 20004-2595
                                            Tel. (202) 624-2500
                                            Fax. (202) 624-5116

                                            *Attorneys for Defendant West-Ward*
                                            *Pharmaceuticals Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2019, a true and correct copy of West-Ward's Answer to the Consolidated Direct Purchaser Class Action Complaint was filed electronically with the Clerk of the Court and served upon counsel of record via electronic mail.


Dated:  January 31, 2019                        /s/ Jan P. Levine                       

                                                Jan P. Levine