## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 |
| IN RE: DOXYCYCLINE CASES THIS DOCUMENT RELATES TO: *ALL DOXYCYCLINE  DIRECT PURCHASER ACTIONS* | HON. CYNTHIA M. RUFE LEAD CASE:  16-DX-27240 DIRECT CASE:  16-DX-27241 JURY TRIAL DEMANDED |

## ANSWER BY MYLAN INC. AND MYLAN PHARMACEUTICALS, INC. TO CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendants Mylan Inc. and Mylan Pharmaceuticals, Inc. (collectively referred to as "Mylan") by and through its attorneys, hereby answers and submits affirmative defenses to the Consolidated Direct Purchaser Class Action Complaint ("Complaint") brought by Plaintiffs Ahold USA, Inc., César Castillo, Inc., FWK Holdings, L.L.C., KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc., on behalf of themselves and all others similarly situated ("Plaintiffs") as set forth below.

Mylan denies the allegations in the Complaint except as specifically admitted; denies any allegations as to which there is no specific response; denies all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs; and denies that it violated the laws as alleged in the Complaint.  The headings used in this Answer are those used in the Complaint and are intended for the convenience of the reader only.  Mylan further states that this Answer is solely on its behalf and is answering allegations only as to it.  Mylan lacks knowledge or information to form a belief about the truth of the allegations in the Complaint that are directed toward other Defendants and on that basis denies all such allegations.

## I.    INTRODUCTION

1.      Mylan admits that Plaintiffs purport to bring this civil action on behalf of certain individuals.  Mylan denies the remaining allegations of Paragraph 1.

2.      Denied.

3.      Denied.

4.      Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and, therefore, denies those allegations.

5.      Mylan admits that doxycycline is tetracycline antibiotic prescribed to patients for the treatment of a variety of bacterial infections, including acne, urinary tract infections, eye infections, intestinal infections, and sexually-transmitted diseases.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in the second sentence of Paragraph 5 and, therefore, denies those allegations.

6.      Denied.

7.      Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 and, therefore, denies those allegations.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Mylan admits that the Department of Justice filed complaints in cases No. 2:16-cr-00506-RB and No. 2:16-cr-00508-RBS in the U.S. District Court for the Eastern District of Pennsylvania, and refers to those complaints for their contents.  Mylan lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 12 and, therefore, denies those allegations.

13.     Mylan admits that the transcript of the plea hearing contains the quoted language in Paragraph 13.  Mylan denies the remaining allegations of Paragraph 13.

14.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and, therefore, denies those allegations.

15.     Mylan admits that the DOJ filed a motion for a stay of discovery in MDL 2724 containing the quoted language in Paragraph 15.  Mylan denies the remaining allegations of Paragraph 15.

16.     Denied.

17.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and, therefore, denies those allegations.

18.     Denied.

19.     Paragraph 19 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 19.

## II.     JURISDICTION AND VENUE

20.     Paragraph 20 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 20.

21.     Paragraph 21 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 21.

22.     Paragraph 22 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 22.

23.     Paragraph 23 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 23.

### III.     PARTIES

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 and, therefore, denies those allegations.

30.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and, therefore, denies those allegations.

31.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 and, therefore, denies those allegations.

32.     Admitted.

33.     Admitted.

34.     Mylan admits that Mylan Inc. and Mylan Pharmaceuticals, Inc. are wholly-owned indirect subsidiaries of Mylan N.V., a Dutch pharmaceutical company.  Mylan further admits that Mylan Pharmaceuticals, Inc. sold Doxycycline.  Mylan denies the remaining allegations of Paragraph 34.

35.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 and, therefore, denies those allegations.

36.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 and, therefore, denies those allegations.

37.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 and, therefore, denies those allegations.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

## IV.     INTERSTATE TRADE AND COMMERCE

44.     Denied.

45.     Mylan admits the allegations in Paragraph 45 as they relate to Mylan.   Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 45 and, therefore, denies those allegations.

46.     Paragraph 46 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 46.

47.     Paragraph 47 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 47.

48.     Paragraph 48 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 48.

49.     Paragraph 49 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 49.

50.     Paragraph 50 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 50.

## V.     FACTUAL ALLEGATIONS

51.     Mylan denies the factual allegations in Paragraph 51.  Paragraph 51 also contains legal conclusions to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 51.

52.     Mylan denies the factual allegations in Paragraph 52.  Paragraph 52 also contains legal conclusions to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 52.

53.     Mylan denies the factual allegations in Paragraph 53.  Paragraph 53 also contains legal conclusions to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 53.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Mylan admits that the Federal Trade Commission study referenced in the first sentence of Paragraph 57 contains the quoted language in Paragraph 57.  Mylan denies the remaining allegations of Paragraph 57.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Mylan states that the transcript of the plea hearing held on January 9, 2017 in the case captioned *United States v. Glazer*, No. 2:16-cr-00506 contains the quoted language in Paragraph 67.  Mylan denies the remaining allegations in Paragraph 67.

68.     Mylan admits that it was subpoenaed by the grand jury empaneled by the DOJ in this District.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 68 and, therefore, denies those allegations.

69.     Mylan admits that the filing referenced in Paragraph 69 contains the quoted language in Paragraph 69.  Mylan denies the remaining allegations of Paragraph 69.

70.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 and, therefore, denies those allegations.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 and, therefore, denies those allegations.

75.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 75 and, therefore, denies those allegations.

76.     Denied.

77.     Denied.

78.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 78 and, therefore, denies those allegations.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 82 and, therefore, denies those allegations.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 86 and, therefore, denies those allegations.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Mylan refers to the quoted sources in Paragraph 93 for their contents but denies the remaining allegations of Paragraph 93.

94.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 94 and, therefore, denies those allegations.

95.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 95 and, therefore, denies those allegations.

96.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96 and, therefore, denies those allegations.

97.     Denied.

98.     Denied.

99.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 and, therefore, denies those allegations.

100.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 100 and, therefore, denies those allegations.

101.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101 and, therefore, denies those allegations.

102.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 102 and, therefore, denies those allegations.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Mylan admits that the GPhA website contained the quoted language in Paragraph 121.  Mylan denies the remaining allegations of Paragraph 121.

122.    Mylan admits that the GPhA website contained the quoted language in Paragraph 122.  Mylan denies the remaining allegations of Paragraph 122.

123.    Mylan admits that certain of its employees have served on GPhA's Board of Directors.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 123 and, therefore, denies those allegations.

124.    Mylan admits that Tony Mauro was a member of GPhA's Board of Directors in 2012.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 124 and, therefore, denies those allegations.

125.    Mylan admits that Tony Mauro was a member of GPhA's Board of Directors in 2013.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 125 and, therefore, denies those allegations.

126.     Mylan admits that Tony Mauro was a member of GPhA's Board of Directors in 2014.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 126 and, therefore, denies those allegations.

127.     Mylan admits that Marcie McClintic Coates was a member of GPhA's Board of Directors in 2015.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 127 and, therefore, denies those allegations.

128.     Mylan admits that Heather Bresch was a member of GPhA's Board of Directors in 2016.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 128 and, therefore, denies those allegations.

129.     Mylan admits that it was a regular member of the GPhA during the Class Period and that the GPhA website contained the quoted language in Paragraph 129.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 129 and, therefore, denies those allegations.

130.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 130 and, therefore, denies those allegations.

131.     Mylan admits that it was a member of the HDMA during the Class Period.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 131 and, therefore, denies those allegations.

132.     Mylan admits that the MMCAP website contains the quoted language in Paragraph 132.  Mylan denies remaining allegations of Paragraph 132.

133.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 133 and, therefore, denies those allegations.

134.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 134 and, therefore, denies those allegations.

135.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 135 and, therefore, denies those allegations.

136.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 136 and, therefore, denies those allegations.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 140 and, therefore, denies those allegations.

141.    Denied.

142.    Mylan admits that Joseph Duda and Kevin McElfresh attended the meeting referenced in Paragraph 142.  Mylan further admits that John Shane attended the event referenced in Paragraph 142 but denies that he was an employee of Mylan at the time of the referenced event.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 142 and, therefore, denies those allegations.

143.    Denied.

144.    Mylan admits that Joseph Duda, Kevin McElfresh, and Robert Potter attended the meeting referenced in Paragraph 144.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 144 and, therefore, denies those allegations.

145.     Denied.

146.     Denied.

147.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 147 and, therefore, denies those allegations.

148.     Mylan admits that Joseph Duda, Tony Mauro, and Robert Potter attended the meeting referenced in Paragraph 148.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 148 and, therefore, denies those allegations.

149.     Denied.

150.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 150 and, therefore, denies those allegations.

151.     Mylan admits that Joseph Duda attended the meeting referenced in Paragraph 151.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 151 and, therefore, denies those allegations.

152.     Denied.

153.     Mylan admits that Joseph Duda, Tony Mauro, and Kevin McElfresh attended the meeting referenced in Paragraph 153.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 153 and, therefore, denies those allegations.

154.     Denied.

155.     Denied.

156.     Denied.

157.     Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 164 and, therefore, denies those allegations.

165.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 165 and, therefore, denies those allegations.

166.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 166 and, therefore, denies those allegations.

167.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167 and, therefore, denies those allegations.

168.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168 and, therefore, denies those allegations.

169.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169 and, therefore, denies those allegations.

170.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170 and, therefore, denies those allegations.

171.    Mylan admits that Plaintiffs purport to quote from an earnings call held on October 25, 2012, but denies that Plaintiffs accurately and/or completely quote from that call and

refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 171.

172.    Mylan admits that Plaintiffs purport to quote from an earnings call held on February 27, 2013, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 172.

173.    Mylan admits that Plaintiffs purport to quote from an earnings call held on May 2, 2013, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 173.

174.    Mylan admits that Plaintiffs purport to quote from an earnings call held on May 1, 2014, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 174.

175.    Mylan admits that Plaintiffs purport to quote from an earnings call held on August 7, 2014, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 175.

176.    Mylan admits that Plaintiffs purport to quote from an earnings call held on October 30, 2015, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 176.

177.    Mylan admits that Plaintiffs purport to quote from an earnings call held on October 30, 2015, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 177.

178.    Mylan admits that Plaintiffs purport to quote from an earnings call held on February 10, 2016, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 178.

179.    Denied.

180.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 180 and, therefore, denies those allegations.

181.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 181 and, therefore, denies those allegations.

182.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 182 and, therefore, denies those allegations.

183.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 183 and, therefore, denies those allegations.

184.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 184 and, therefore, denies those allegations.

185.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 185 and, therefore, denies those allegations.

186.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 186 and, therefore, denies those allegations.

187.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 187 and, therefore, denies those allegations.

188.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 188 and, therefore, denies those allegations.

189.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 189 and, therefore, denies those allegations.

190.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 190 and, therefore, denies those allegations.

191.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 191 and, therefore, denies those allegations.

192.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 192 and, therefore, denies those allegations.

193.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 193 and, therefore, denies those allegations.

194.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 194 and, therefore, denies those allegations.

195.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 195 and, therefore, denies those allegations.

196.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 196 and, therefore, denies those allegations.

197.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 197 and, therefore, denies those allegations.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 202 and, therefore, denies those allegations.

203.    Mylan admits that Senator Bernie Sanders and Representative Elijah E. Cummings sent a letter to Mylan.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 203 and, therefore, denies those allegations.

204.    Denied.

205.    Mylan admits that the letter referenced in paragraph 205 contains the quoted language in Paragraph 205.  Mylan denies the remaining allegations of Paragraph 205.

206.    Mylan admits that the letter referenced in paragraph 206 contains the language in Paragraph 206.  Mylan denies the remaining allegations of Paragraph 206.

207.    Mylan admits that the letter referenced in paragraph 207 provided that the requested information and documents be turned in to congressional offices by October 23, 2014.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 207 and, therefore, denies those allegations.

208.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 208 and, therefore, denies those allegations.

209.    Denied.

210.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 210 and, therefore, denies those allegations.

211.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 211 and, therefore, denies those allegations.

212.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 212 and, therefore, denies those allegations.

213.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 213 and, therefore, denies those allegations.

214.    Mylan admits that the SEC filing referenced in Paragraph 214 contains the quoted language in Paragraph 214, but denies that the subpoena was "disclosed in a 2016 filing with the United States Securities and Exchange Commission (SEC)."   Mylan denies the remaining allegations of Paragraph 214.

215.    Mylan admits that the quarterly report referenced in Paragraph 215 contains the quoted language in Paragraph 215.  Mylan denies the remaining allegations of Paragraph 215.

216.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 216 and, therefore, denies those allegations.

217.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 217 and, therefore, denies those allegations.

218.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 218 and, therefore, denies those allegations.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Mylan admits that the DOJ filed charges against Glazer and Malek.  Mylan denies the remaining allegations of Paragraph 222.

223.    Mylan admits that the DOJ has intervened in MDL 2724.   Mylan denies the remaining allegations of Paragraph 223.

224.    Mylan admits that the Division Update referenced in Paragraph 224 contains the quoted language in Paragraph 224.  Mylan denies the remaining allegations of Paragraph 224.

225.    Mylan admits that various States have filed complaints that are now pending in MDL 2724.  Mylan denies the remaining allegations of Paragraph 225.

226.    Denied.

227.    Mylan admits that various States made filings with the United States Judicial Panel on Multidistrict Litigation on May 16, 2017 and June 13, 2017.   Mylan denies the remaining allegations of Paragraph 227.

228.    Mylan admits that the article referenced in Paragraph 228 contains the quoted language in Paragraph 228.  Mylan denies the remaining allegations of Paragraph 228.

229.    Mylan admits that the New York Attorney General issued a press release on December 15, 2016 containing the quoted language in Paragraph 229.   Mylan denies the remaining allegations of Paragraph 229.

230.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 230 and, therefore, denies those allegations.

## VI.    THE DOXYCYCLINE MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

231.    Paragraph 231 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 231.

232.    Denied.

233.    Denied.

## VII.    CLASS ACTION ALLEGATIONS

234.    Mylan admits that Plaintiffs purport to bring this action as a class action and purport to define the class as indicated in Paragraph 234 but denies that Plaintiffs meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Mylan denies the remaining allegations of Paragraph 234.

235.    Paragraph 235 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 235.

236.    Paragraph 236 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 236.

237.    Paragraph 237 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 237.

238.    Paragraph 238 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 238.

239.    Paragraph 239 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 239.

240.    Paragraph 240 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 240.

241.    Paragraph 241 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 241.

242.    Paragraph 242 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 242.

### VIII.   ANTITRUST INJURY

243.    Paragraph 243 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 243.

244.    Paragraph 244 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 244.

245.    Paragraph 245 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 245.

246.    Paragraph 246 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 246.

IX.    **CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT**

247.    Mylan incorporates by reference its responses to each preceding and succeeding paragraph as though fully set forth herein.

248.    Paragraph 248 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 248.

249.    Paragraph 249 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 249.

250.    Paragraph 250 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 250.

251.    Paragraph 251 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 251.

252.    Paragraph 252 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 252.

253.    Paragraph 253 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 253.

254.    Paragraph 254 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 254.

255.    Paragraph 255 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 255.

## X.    PRAYER FOR RELIEF

Mylan requests that the Court deny Plaintiffs' requested relief and enter judgment in its favor.

## XI.    JURY TRIAL DEMANDED

Mylan requests a jury trial on all claims so triable.

## AFFIRMATIVE DEFENSES

As stated in its Answer above, Mylan does not admit any liability, that Plaintiffs have been injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Nevertheless, Mylan pleads in the alternative the following affirmative defenses. Mylan does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. Mylan incorporates by reference any defenses applicable to it that are asserted by any other Defendant as if fully set forth herein.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead conspiracy or fraud with the particularity required under applicable law.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury and/or do not have standing.

### FOURTH DEFENSE

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

### FIFTH DEFENSE

Plaintiffs' claims are improperly joined within the meaning of the Federal Rules of Civil Procedure 20 or 23 because they did not arise out of the same transaction, occurrence, or series

of transactions or occurrences, and/or do not involve questions of law or fact common to all defendants.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH DEFENSE

Plaintiffs' claims and the claims of any putative class members against Mylan are barred to the extent they have agreed to arbitration, chosen a different forum for the resolution of their claims, or waived a jury trial.  This Court lacks jurisdiction to adjudicate any claim pertaining to those agreements.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury proximately caused by any conduct on the part of Mylan.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are too remote or speculative to allow recovery, and because of the impossibility of ascertaining and allocating those alleged damages with reasonable certainty.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs and/or certain members of the putative class failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.   Alternatively, any damages sustained by Plaintiffs and members of the

purported plaintiff class, which Mylan denies, must be reduced by the amount that such damages would have been reduced had Plaintiffs and the members of the purported plaintiff class exercised reasonable diligence in mitigating their damages.

## TWELFTH DEFENSE

Plaintiffs attempt to allege a conspiracy spanning eight or more years that they claim resulted in their paying higher prices for the products in issue, but Plaintiffs allege no facts that explain or justify their delay in bringing this lawsuit.  To the extent Plaintiffs could have brought essentially the same claims years earlier, Plaintiffs are barred from pursuing all or part of such a claim by the doctrines of estoppel and laches.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injury or damages the Plaintiffs and members of the class may have suffered were caused solely or proximately by market conditions or the acts and omissions of others and not by any act or omission attributable to Mylan.

## FOURTEENTH DEFENSE

Plaintiffs' claims and those of members of the class are barred because the actions or practices of Mylan that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuant of Mylan's independent interests and those of its customers, and were not the result of any unlawful contract, combination or conspiracy between Mylan and any other person or entity.

**FIFTEENTH DEFENSE**

Plaintiffs' claims and those of members of the class are barred because the alleged actions or practices of Mylan that are the subject of the Complaint were undertaken because of economic coercion.

**SIXTEENTH DEFENSE**

Plaintiffs' claims and those of members of the putative class are barred to the extent any recovery would be duplicative of a recovery by other plaintiffs and in other lawsuits, subjecting Mylan to the possibility of multiple recovery which is barred by the United States Constitution.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of the alleged actions taken by Mylan injured competition in any relevant market.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of the alleged actions taken by Mylan harmed consumers.

**NINETEENTH DEFENSE**

Mylan incorporates by reference all affirmative defenses asserted by other Defendants in this action.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred because Mylan's conduct was protected under the United States Constitution, including but not limited to the First Amendment.

Dated:  January 31, 2019     Respectfully submitted,

            WILSON SONSINI GOODRICH & ROSATI
            Professional Corporation

            *s/ Chul Pak*
            Chul Pak
            Jeffrey C. Bank
            1301 Avenue of the Americas, 40th Floor
            New York, New York 10019
            Telephone:  (212) 999-5800
            Facsimile:  (212) 999-5899
            cpak@wsgr.com
            jbank@wsgr.com

            Seth C. Silber
            WILSON SONSINI GOODRICH & ROSATI
            Professional Corporation
            1700 K Street, N.W., 5th Floor
            Washington, D.C. 20006
            Telephone:  (202) 973-8800
            Facsimile:  (202) 973-8899
            ssilber@wsgr.com

            Adam K. Levin
            Benjamin F. Holt
            Justin W. Bernick
            HOGAN LOVELLS US LLP
            555 Thirteenth Street, N.W.
            Washington, D.C. 20004
            Telephone:  (202) 637-5600
            Facsimile:  (202) 637-5910
            adam.levin@hoganlovells.com
            benjamin.holt@hoganlovells.com
            justin.bernick@hoganlovells.com

            *Counsel for Defendants Mylan Inc. and Mylan*
            *Pharmaceuticals, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey C. Bank, hereby certify that on this 31st day of January, 2019, I caused

Defendant Mylan's Answer to the Consolidated Direct Purchaser Class Action Complaint to be

filed using the Court's ECF system thereby serving it electronically on all counsel of record.


<u>*s/ Jeffrey C. Bank*</u>
Jeffrey C. Bank