**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724 |
| IN RE: DOXYCYCLINE CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE: 16-DX-27240<br>DIRECT CASE: 16-DX-27241 |
| *ALL DOXYCYCLINE DIRECT PURCHASER ACTIONS* | |
| AHOLD USA, INC. *et al.*, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| ACTAVIS HOLDCO U.S., INC. *et al.*, | |
| Defendants. | |

## DEFENDANT PAR PHARMACEUTICAL, INC.'S ANSWER AND DEFENSES

Defendant Par Pharmaceutical, Inc. ("Par") states the following as its Answer and Defenses to the Consolidated Direct Purchaser Class Action Complaint ("Complaint"). Any allegation in the Complaint not explicitly responded to in this Answer, including any allegations made in the Complaint's headings or sub-headings, is hereby denied.

## ANSWER

### I.    Introduction

1.    Par admits that Plaintiffs purport to bring this action against Defendants on behalf of themselves and "all others similarly situated," but Par denies that this action meets the

prerequisites for a class action under Federal Rule of Civil Procedure 23.  Par further denies that Plaintiffs are entitled to any relief from Par.

2.      Par denies the allegations in Paragraph 2.

3.      Par admits that this is a civil action seeking treble damages, but denies that Par has engaged in any of the alleged unlawful conduct, denies that it violated the Sherman Act, and denies the remaining allegations in Paragraph 3.

4.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and, on that basis, denies them.

5.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 5, and, on that basis, denies them.  Par admits the allegations in the second sentence of Paragraph 5.

6.      Par admits that doxycycline has been available in the United States for many years.  Par admits that doxycycline hyclate is available in capsule or tablet form and in different formulations, like regular release and delayed release.  Par admits only that the allegations in Footnote 3 to Paragraph 6 purport to summarize the package inserts for doxycycline hyclate regular release ("doxycycline RR") and doxycycline hyclate delayed release ("doxycycline DR"), the contents of which speak for themselves.  Par denies the remaining allegations in Paragraph 6.

7.      Par admits only that the third sentence of Paragraph 7 purports to quote from a publication by the United States Government Accountability Office, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 7.

8.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and, on that basis, denies them.

9.      Par denies the allegations in Paragraph 9.

10.     Par admits that certain federal and state regulators have conducted inquiries into the pricing of certain generic pharmaceuticals, and that some of those inquiries have related to doxycycline.  Par admits that the DOJ has empaneled a grand jury in this District, which has issued subpoenas related to the pricing of generic pharmaceuticals, and that Par has received one such subpoena.  Par admits that the DOJ investigation has resulted in certain criminal guilty pleas.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first, second, and third sentences of Paragraph 10, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 10 and denies any insinuation that it has engaged in price-fixing or anti-competitive conduct.

11.     Par admits only that Paragraph 11 purports to summarize a letter and a press release by the National Community Pharmacists Association, the contents of which speak for themselves.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11, and, on that basis, denies them.

12.     Par admits only that Paragraph 12 purports to summarize charging documents filed by DOJ against Jeffrey Glazer and Jason Malek, the contents of which speak for themselves.

13.     Par admits only that Paragraph 13 purports to summarize and quote from a transcript of a plea hearing, the content of which speaks for itself.

14.      Par admits only that Paragraph 14 purports to summarize a transcript of a plea hearing, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14, and, on that basis, denies them.

15.     Par admits that DOJ has stated that its investigation overlaps with at least some of the drugs at issue in MDL 2724, including doxycycline hyclate.  Par admits only that the remaining allegations in Paragraph 15 purport to summarize and quote from DOJ's Motion to Stay Discovery, the content of which speaks for itself.

16.     Par admits that 20 state attorneys general led by the State of Connecticut sued Aurobindo, Citron, Heritage, Teva, Mayne, and Mylan soon after the DOJ filed criminal charges, and that their complaint alleged bid-rigging, price-fixing and market and customer allocation in connection with their sale of doxycycline DR and generic glyburide in the United States.  Par admits the allegations in the second sentence of Paragraph 16.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegation in the third sentence of Paragraph 16, and, on that basis, denies it.  Par admits only that the fourth sentence of Paragraph 16 purports to quote from an online article, the content of which speaks for itself.  Par admits the allegations in the fifth sentence of Paragraph 16.  Par denies the remaining allegations in Paragraph 16.

17.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 17 and, on that basis, denies them.  Par admits only that the second sentence of Paragraph 17 purports to quote from a Pfizer, Inc. SEC filing, the content of which speaks for itself.

18.     Par denies the allegations in Paragraph 18.

19.     Par admits that Plaintiffs purport to seek damages but denies that Par violated the Sherman Act, denies that Plaintiffs or any purported class are entitled to any damages, and denies the remaining allegations in Paragraph 19.

## II.     Jurisdiction and Venue

20.     The allegations in Paragraph 20 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations.

21.     With regard to Plaintiffs' use of the term "Class Period," Par denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.[1]   The allegations in Paragraph 21 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations.

22.     The allegations in Paragraph 22 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations.

23.     The allegations in Paragraph 23 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations and denies that it was engaged in any alleged conspiracy.

III.     **Parties**

24.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 24, and, on that basis, denies them.  Par admits that Ahold USA, Inc. purchased doxycycline RR directly from Par on one or more occasions in or after November 2012.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 24, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 24.

25.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 25, and, on that basis, denies them.  Par denies that Cesar Castillo, Inc. purchased doxycycline RR directly from Par in or after November 2012.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining

---

[1] Par herein incorporates this denial in response to all other references to a "Class Period" in the Complaint.

allegations in the second sentence of Paragraph 25, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 25.

26.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 26, and, on that basis, denies them.  Par admits that Frank W. Kerr Company purchased doxycycline RR directly from Par on one or more occasions in or after November 2012.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 26, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 26.

27.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and sentences of Paragraph 27, and, on that basis, denies them.  Par denies that KPH Healthcare Services, Inc. purchased doxycycline RR directly from Par in or after November 2012.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 27, and, on that basis, denies them.  Par denies the allegations in the fourth sentence of Paragraph 27.

28.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 28, and, on that basis, denies them.  Par admits that Rochester Drug Co-Operative, Inc. purchased doxycycline RR directly from Par on one or more occasions in or after November 2012, but Par denies that such purchases were at artificially and unlawfully inflated prices.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 28, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 28.

29.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and, on that basis, denies them.

30.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and, on that basis, denies them.

31.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and, on that basis, denies them.

32.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and, on that basis, denies them.

33.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and, on that basis, denies them.

34.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and, on that basis, denies them.

35.      Par admits that Par Pharmaceutical, Inc. is an indirect subsidiary of Endo International plc ("Endo") and that in August 2014, Endo acquired DAVA Pharmaceuticals, Inc. (n/k/a DAVA Pharmaceuticals, LLC) ("DAVA").  Par admits the allegations in the second sentence of Paragraph 35.  Par admits that Plaintiffs purport to refer to Par, Endo, and DAVA as "Par" in their Complaint, but Par denies that Endo or DAVA are parties to this litigation, and denies that any actions or knowledge of any one of these entities are attributable to any other entity.  Par denies the allegations in the third sentence of Paragraph 35.  Par admits that it sold doxycycline RR, but not doxycycline DR, to certain purchasers in this District at times in or after November 2012.  Par lacks sufficient knowledge or information about what is meant by "throughout the United States" to form a belief as to the truth of that allegation, and, on that basis, denies it.

36.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and, on that basis, denies them.

37.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and, on that basis, denies them.

38.     Par denies the allegations in Paragraph 38.

39.     Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 39, and, on that basis, denies them.

40.     Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40, and, on that basis, denies them.

41.     Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41, and, on that basis, denies them.

42.     Par denies that it has participated in, or authorized anyone to participate in, any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed. Par also denies that its officers, managers, agents, employees, or representatives, while actively engaged in the management, direction, or control of Par's affairs, participated in or ordered others to participate in any alleged conspiracy.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 42, and, on that basis, denies them.

43.     Par denies that it has performed any alleged wrongful acts.  Par also denies that its directors, officers, managers, agents, employees, or representatives, while actively engaged in the management, direction, or control of Par's affairs, authorized, ordered, or did any alleged wrongful acts.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43, and, on that basis, denies them.

## IV.     Interstate Trade and Commerce

44.     Par admits that it previously manufactured and supplied doxycycline RR in the United States, but it denies that it currently does so.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 44, and, on that basis, denies them.

45.     Par admits that doxycycline RR was previously produced by Par in the United States, but it denies that Par or anyone on its behalf is currently producing doxycycline RR.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 45, and, on that basis, denies them.

46.     The allegations in Paragraph 46 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations.

47.     The allegations in Paragraph 47 contain legal conclusions that require no response.  To the extent that any response is required, Par denies the allegations.  Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed.

48.     Par denies the allegations in Paragraph 48.

49.     Par denies the allegations in Paragraph 49.

50.     Par denies the allegations in Paragraph 50.

**V.      Factual Allegations**

51.      Par admits only that the allegations in the second and third sentences of Paragraph 51 purport to summarize and quote from the FDA's website, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 51.

52.      Par admits only that the allegations in Paragraph 52 purport to characterize the Hatch-Waxman Act and its legislative history, the content of which speaks for itself.

53.      Par admits the allegations in Paragraph 53.

54.      Par admits that all FDA-approved generic versions of a brand name drug are equivalent to the same reference listed drug from a safety and efficacy standpoint.  Par denies the remaining allegations in Paragraph 54.

55.      Par lacks sufficient knowledge or information about what is and is not "well established in economic literature" to form a belief as to the truth of the allegations in the first sentence of Paragraph 55, and, on that basis, denies them.  Par denies the allegations in the second, third, and fourth sentences in Paragraph 55.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 55, and, on that basis, denies them.

56.      Par lacks sufficient knowledge or information about aggregated, annual savings attributable to generic drugs to form a belief as to the truth of that allegation in Paragraph 56, and, on that basis, denies it**.**  Par denies the remaining allegations in Paragraph 56.

57.      Par admits only that the first sentence of Paragraph 57 purports to quote from a Federal Trade Commission study, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 57.

58.      Par lacks sufficient knowledge or information about what "usually" occurs to form a belief as to the truth of the allegations in the first sentence of Paragraph 58, and, on that

basis, denies them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 58, and, on that basis, denies them.  Par admits only that the third sentence of Paragraph 58 purports to summarize the findings of a study conducted by the Generic Pharmaceutical Association, the content of which speaks for itself.

59.     Par lacks sufficient knowledge or information about what "[o]rdinarily" occurs to form a belief as to the truth of the allegations in the first sentence of Paragraph 59, and, on that basis denies them.  Par admits that prescription drug pricing for certain consumers is not determined between the retailer and the consumer.  Par admits that because certain consumers' prescription drug purchases are reimbursed by health plans, pricing for those consumers' prescription drugs may be determined by reimbursement agreements between prescription drug payers and pharmacies.  Par denies the remaining allegations in Paragraph 59.

60.     Par lacks sufficient knowledge or information about what "typically" or "generally" occurs to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 60, and, on that basis, denies them.  Par admits that WAC prices represent a manufacturer's reported list price.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Footnote 17 to Paragraph 60, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 60.

61.     Par admits the allegations in the first sentence of Paragraph 61.  Par denies the allegations in the second sentence of Paragraph 61.  Par admits only that the second sentence of Footnote 18 to Paragraph 61 purports to summarize the FDA's website, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 61 (including in the footnote), and, on that basis, denies them.

11

62.     Par admits that PBMs usually do not disclose publicly their MAC pricing or the basis for their MAC pricing, but Par lacks sufficient knowledge or information about what "is believed" to be the basis for MAC pricing to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 62, and, on that basis, denies them.  Par admits only that the second sentence in Paragraph 62 purports to summarize an online publication by Express Scripts, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 62, and, on that basis, denies them.

63.     Par admits that MAC pricing may not be transparent.  Par admits that the Academy of Managed Care Pharmacy has publicly stated that it opposes government regulation of MAC pricing and any efforts to disclose MAC prices or the method of calculating them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 63, and, on that basis, denies them.

64.     Par denies the allegations in Paragraph 64.

65.     Par admits only that the last sentence of Paragraph 65 purports to quote an online publication by Express Scripts, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65, and, on that basis, denies them.

66.     Par denies the allegations in Paragraph 66.

67.     Par admits that Glazer and Malek entered guilty pleas on January 9, 2017.  Par admits only that the remaining allegations in Paragraph 67 purport to quote from a transcript of Glazer and Malek's plea hearing, the content of which speaks for itself.

68.     Par admits that the DOJ has empaneled a grand jury in this District, and that Par has received a subpoena from that grand jury, but Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 68, and, on that basis, denies them.

69.     Par admits that the State AGs have filed a lawsuit involving glyburide and doxycycline DR.  Par admits only that the remaining allegations in Paragraph 69 purport to quote from the State AGs' complaint in that action, the content of which speaks for itself.

70.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70, and, on that basis, denies them.

71.     Par admits that generic versions of doxycycline RR have been on the market for years.  The allegations in Paragraph 71 regarding alleged sales purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Footnote 29 to Paragraph 71, and, on that basis, denies them.  Par admits only that the remaining allegations in Footnote 29 purport to quote from and summarize the website of IMS Health, the content of which speaks for itself.  Par denies that it participated in a price-fixing conspiracy and denies the remaining allegations in Paragraph 71.

72.     Par denies the allegations in Paragraph 72.

73.     Par lacks sufficient knowledge or information about what is meant by the phrase "[a]t all times relevant for this lawsuit" to form a belief as to the truth of the allegations in the first sentence of Paragraph 73, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 73.

74.     The allegations in Paragraph 74 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

75.     The allegations in Paragraph 75 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

76.     Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 76, and, on that basis, denies them.

77.     The allegations in the charts shown in Paragraph 77 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 77.

78.     The allegations in Paragraph 78 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

79.     The allegations in Paragraph 79 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

80.     Par denies that it engaged in any alleged conspiracy.  The remaining allegations in Paragraph 80 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

81.     Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information about what is "unexpected[]" to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 81, and, on that basis, denies them. The remaining allegations in Paragraph 81 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

82.     The allegations in Paragraph 82 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

83.     The allegations in Paragraph 83 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

84.     Par denies that it engaged in any alleged conspiracy.  The remaining allegations in Paragraph 84 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

85.     Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information about what is "unexpected[]" to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 85, and, on that basis, denies them. The remaining allegations in Paragraph 85 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

86.     The allegations in Paragraph 86 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

87.     The allegations in Paragraph 87 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

88.     Par denies that it engaged in any alleged conspiracy.  The remaining allegations in Paragraph 88 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

89.     Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information about what is "unexpected[]" to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 89, and, on that basis, denies them. The remaining allegations in Paragraph 89 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

90.     Par admits that it did not enter the doxycycline RR market until after November 2012.  Par denies that it engaged in any alleged conspiracy and denies the remaining allegations in Paragraph 90.

91.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and, on that basis, denies them.

92.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92, and, on that basis, denies them.

93.     Par admits only that the first sentence of Paragraph 93 purports to summarize a statute, the content of which speaks for itself.  Par admits only that the second sentence of Paragraph 94 purports to summarize the CDC's website, the content of which speaks for itself. Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in third sentence of Paragraph 93, and, on that basis, denies them.  Par denies that it engaged in price collusion and denies the remaining allegations in the fourth sentence of Paragraph 93.

94.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94, and, on that basis, denies them.

95.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95, and, on that basis, denies them.

96.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96, and, on that basis, denies them.

97.     Par denies the first sentence of Paragraph 97 and denies that it engaged in collusion.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 97, and, on that basis, denies them.

98.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98, and, on that basis, denies them.

99.     Par denies that DAVA entered into a supply and distribution agreement with Chartwell Pharmaceuticals, LLC, but it admits the remaining allegations in the first sentence of Paragraph 99.  Par admits the allegations in the second sentence of Paragraph 99.

100.    Par denies that Endo sued or was sued by any Chartwell entity, and Par denies that Chartwell Pharmaceuticals, LLC sued or was sued by DAVA.  Par admits only that the remaining allegations in Paragraph 100 purport to summarize allegations made in a court filing

by Chartwell Therapeutics Licensing, LLC, the content of which speaks for itself.  To the extent any additional response is required, Par denies the remaining allegations in Paragraph 100.

101.    Par admits only that the allegations in Paragraph 101 purport to summarize allegations made in a court filing by Chartwell Therapeutics Licensing, LLC, the content of which speaks for itself.  To the extent any additional response is required, Par denies the allegations in Paragraph 101.

102.    Par admits that the Connecticut Attorney General has sought information concerning doxycycline hyclate, doxazosin mesylate, and methotrexate sodium, and that Endo acquired rights to doxycycline RR via DAVA.  Pursuant to the Court's Pre-Trial Order 44, Par neither admits nor denies the allegations in the second sentence of Paragraph 102 as they pertain to the investigation being conducted by DOJ.  Par admits the allegations in the third sentence of Paragraph 102.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 102, and, on that basis, denies them.

103.    Paragraphs 103 through 113 pertain to claims against Defendants other than Par, as well as a drug that Par is not alleged to have manufactured or sold, and therefore no response to these allegations is required from Par.  To the extent any response from Par is required, with regard to the only allegation in those paragraphs that references Par (Paragraph 113), Par admits that certain of its employees have at times attended industry meetings and other events.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraphs 103-113, and, on that basis, denies them.

114.    Par denies the allegations in Paragraph 114.

115.    Par denies the allegations in Paragraph 115.

116.    Par denies the allegations in Paragraph 116.

117.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 117, and, on that basis, denies them.  Par denies that it has engaged in a conspiracy and denies the remaining allegations in Paragraph 117.

118.     Par denies the allegations in Paragraph 118.

119.     Par admits only that the first sentence of Paragraph 119 purports to summarize a FiercePharma article, the content of which speaks for itself.  Par admits only that the second sentence of Paragraph 119 purports to quote from a press release on the website of the Connecticut Attorney General, the content of which speaks for itself.

120.     Par denies the allegations in Paragraph 120.

121.     Par admits only that the first sentence of Paragraph 121 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 121.

122.     Par admits only that Paragraph 122 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.

123.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123, and, on that basis, denies them.

124.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124, and, on that basis, denies them.

125.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125, and, on that basis, denies them.

126.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126, and, on that basis, denies them.

127.     Par admits that Tony Pera was a member of the GPhA's Board of Directors in 2015.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 127, and, on that basis, denies them.

128.     Par admits that Tony Pera was a member of the GPhA's Board of Directors in 2016.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 128, and, on that basis, denies them.

129.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 129, and, on that basis, denies them.  Par admits only that the second sentence of Paragraph 129 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.

130.     Par admits the allegations in the first and second sentences of Paragraph 130.  Par admits that NACDS holds industry events, including regional and annual conferences.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegation that all Defendants attended NACDS events, including the Total Store Expo, and, on that basis, denies it.

131.     Par admits only that the first sentence of Paragraph 131 purports to summarize and quote from the HDA's website, the content of which speaks for itself.  Par admits the allegations in the second sentence of Paragraph 131.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 131, and, on that basis, denies them.

132.     Par admits only that Paragraph 132 purports to quote from MMCAP's website, the content of which speaks for itself.

133.    Par admits only that Paragraph 133 purports to quote from MMCAP's Charter, the content of which speaks for itself.

134.    Par admits only that Paragraph 134 purports to summarize ECRM's website, the content of which speaks for itself.

135.    Par admits the allegations in Paragraph 135.

136.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136, and, on that basis, denies them.

137.    Par admits that certain meetings and events hosted by GPhA, HDMA, ECRM, NACDS, and MMCAP were held at times in or after November 2012, and that some Par employees with substantive involvement in the decision-making process for pricing attended certain of those meetings and events.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 137, and, on that basis, denies them.

138.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138, and, on that basis, denies them.

139.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 139, and, on that basis, denies them.

140.    Par admits that ECRM held its annual Retail Pharmacy Efficient Program Planning Session in Dallas, Texas on February 24-27, 2013.  Par also admits that this meeting was attended by the DAVA, Par, and Qualitest employees alleged by Plaintiffs in subparts b, d, and e of Paragraph 140.  Par also admits that ECRM's 2012 Retail Pharmacy Efficient Program Planning Session was held on January 29-February 2, 2012, and that certain employees from Par attended that meeting.  Par denies any suggestion in Footnote 52 to Paragraph 140 that it

engaged an alleged "conspiracy" and denies the remaining allegations in Paragraph 140 as to Par. Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 140 (including in the footnote), and, on that basis, denies them.

141.     Par admits that NACDS held its 2013 Annual Meeting in Palm Beach, Florida on April 20-23, 2013. Par also admits that this meeting was attended by the Endo and Par employees alleged by Plaintiffs in subparts b and d of Paragraph 141. Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 141, and, on that basis, denies them.

142.     Par admits the allegations in the first sentence of Paragraph 142. Par admits that the HDMA's June 2013 BLC meeting was attended by the Endo and Par employees alleged by Plaintiffs in subparts b and f of Paragraph 142, but Par denies that Sandra Bayer, Peter Gargiulo, and Christopher Neurohr attended as employees of Par. Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 142, and, on that basis, denies them.

143.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143, and, on that basis, denies them.

144.     Par admits the allegations in the first sentence of Paragraph 144. Par also admits that NACDS's August 2013 Total Store Expo was attended by the DAVA, Endo, Par, and Qualitest employees alleged by Plaintiffs in subparts b, c, f, and g of Paragraph 144. Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 144, and, on that basis, denies them.

145.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145, and, on that basis, denies them.

146.    Par admits that GPhA held its Annual Meeting in Orlando, Florida on February 19-21, 2014.  Par also admits that this meeting was attended by an employee of Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 146, and, on that basis, denies them.

147.    Par admits that ECRM held its annual Retail Pharmacy Efficient Program Planning Session in Amelia Island, Florida on February 23-26, 2014.  Par also admits that this meeting was attended by the Par and Qualitest employees alleged by Plaintiffs in subparts d and e of Paragraph 147.  Par also admits that this meeting was attended by DAVA's Rich Franchi.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 147, and, on that basis, denies them.

148.    Par admits the allegations in the first sentence of Paragraph 148.  Par also admits that NACDS's 2014 annual meeting was attended by the Endo and Par employees alleged by Plaintiffs in subparts b and e of Paragraph 148.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 148, and, on that basis, denies them.

149.    Par admits the allegations in the first sentence of Paragraph 149.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 149, and, on that basis, denies them.

150.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150, and, on that basis, denies them.

151.     Par admits that the HDMA held a BLC in Phoenix, Arizona on June 1-4, 2014. Par also admits that this meeting was attended by the Par employees alleged in subpart c of Paragraph 151, but Par denies that Sandra Bayer attended as an employee of Par.  Par also admits that this meeting was attended by Karen O'Connor, but Par avers that she attended as an employee of Par, not Mylan.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 151, and, on that basis, denies them.

152.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 152, and, on that basis, denies them.

153.     Par admits that NACDS held its 2014 Total Store Expo in Boston, Massachusetts on August 23-26, 2014.  Par also admits that this meeting was attended by the Par employees alleged by Plaintiffs in subpart e of Paragraph 153.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 153, and, on that basis, denies them.

154.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154, and, on that basis, denies them.

155.     Par admits that certain of its employees attended the following trade association meetings, conferences, or events: (i) the February 9-11, 2015 GPhA Annual Meeting in Miami, Florida; (ii) the February 22, 2015 ECRM meeting in Destin, Florida; (iii) the April 25-28, 2015 NACDS Annual Meeting in Palm Beach, Florida; (iv) the June 7-10, 2015 HDMA BLC in San Antonio, Texas; (v) the August 22-25, 2015 NACDS Total Store Expo in Denver, Colorado; (vi) the June 12-16, 2016 HDMA BLC in Colorado Springs, Colorado; and (vii) the August 6-9, 2016, NACDS 2016 Total Store Expo in Boston, Massachusetts.  Par lacks sufficient knowledge

or information to form a belief as to the truth of the remaining allegations in Paragraph 155, and, on that basis, denies them.

156.    Par admits only that Paragraph 156 purports to summarize allegations made in a complaint filed in this MDL by certain State Attorneys General, the content of which speaks for itself.  To the extent any additional response is required, Par denies the allegations in Paragraph 156 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 156, and, on that basis, denies them.

157.    Par admits only that Paragraph 157 purports to summarize allegations made in a complaint filed in this MDL by certain State Attorneys General, the content of which speaks for itself.  To the extent any additional response is required, Par denies the allegations in Paragraph 157 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 157, and, on that basis, denies them.

158.    Par admits that it is headquartered in New York, but Par lacks sufficient knowledge or information about the headquarters of other generic drug manufacturers to form a belief as to the truth of those allegations, and, on that basis, denies them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 158, and, on that basis, denies them.  Par denies that it engaged in collusion and denies the remaining allegations in Paragraph 158.

159.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159, and, on that basis, denies them.

160.    Par denies the allegations in Paragraph 160 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 160, and, on that basis, denies them.

161.    Par denies the allegations in Paragraph 161 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 161, and, on that basis, denies them.

162.    Par denies the allegations in Paragraph 162 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 162, and, on that basis, denies them.

163.    Par denies the allegations in Paragraph 163 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 163, and, on that basis, denies them.

164.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 164, and, on that basis, denies them.

165.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 165, and, on that basis, denies them.

166.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 166, and, on that basis, denies them.

167.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 167, and, on that basis, denies them.

168.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 168, and, on that basis, denies them.

169.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 169, and, on that basis, denies them.

170.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 170, and, on that basis, denies them.

171.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171, and, on that basis, denies them.

172.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 172, and, on that basis, denies them.

173.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 173, and, on that basis, denies them.

174.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 174, and, on that basis, denies them.

175.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 175, and, on that basis, denies them.

176.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 176, and, on that basis, denies them.

177.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 177, and, on that basis, denies them.

178.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 178, and, on that basis, denies them.

179.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 179, and, on that basis, denies them.

180.    Par admits only that the allegations in Paragraph 180 purport to quote from a transcript of a May 1, 2014 Endo earnings call, the content of which speaks for itself.

181.    Par admits only that the allegations in Paragraph 181 purport to quote from a transcript of a July 31, 2014 Endo earnings call, the content of which speaks for itself.

182.     Par admits only that the allegations in Paragraph 182 purport to quote from a transcript of a March 2, 2015 Endo earnings call, the content of which speaks for itself.

183.     Par admits only that the allegations in Paragraph 183 purport to quote from a May 18, 2015 Endo International plc PowerPoint presentation, the content of which speaks for itself.

184.     Par admits only that the allegations in Paragraph 184 purport to quote from a transcript of an August 8, 2016 Endo earnings call, the content of which speaks for itself.

185.     Par refers Plaintiffs to Par's public securities filings, the contents of which speak for themselves.

186.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 186, and, on that basis, denies them.

187.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 187, and, on that basis, denies them.

188.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 188, and, on that basis, denies them.

189.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 189, and, on that basis, denies them.

190.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 190, and, on that basis, denies them.

191.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 191, and, on that basis, denies them.

192.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 192, and, on that basis, denies them.

193.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 193, and, on that basis, denies them.

194.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 194, and, on that basis, denies them.

195.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 195, and, on that basis, denies them.

196.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 196, and, on that basis, denies them.

197.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 197, and, on that basis, denies them.

198.     Par lacks sufficient knowledge or information about what "[c]omments from industry analysts suggest" to form a belief as to the truth of the allegations in the first sentence of Paragraph 198, and, on that basis, denies them.  Par denies that it engaged in conspiratorial conduct.  Par admits only that the second sentence of Paragraph 198 purports to quote from a Wall Street Journal article, the content of which speaks for itself.

199.     Par admits only that Paragraph 199 purports to summarize and quote from a Bloomberg article, the content of which speaks for itself.

200.     Par admits only that the first sentence of Paragraph 200 purports to quote from a study by David Belk, MD, the content of which speaks for itself.  Par admits only that the second sentence of Paragraph 200 purports to summarize a GAO Report, the content of which speaks for itself.

201.     Par admits only that Paragraph 201 purports to summarize and quote from a press release by the Pennsylvania Medical Society, the content of which speaks for itself.

29

202.     Par admits only that in January 2014 the NCPA sent correspondence to the U.S. Senate HELP Committee and the U.S. House Energy and Commerce Committee, the content of which speaks for itself.

203.     Par admits only that on October 2, 2014, Senator Bernie Sanders (I-VT), Chair of the Subcommittee on Primary Health and Aging, Senate Committee on Health, Education, Labor and Pensions, and Representative Elijah E. Cummings (D-MD), the Ranking Member of the House Committee on Oversight and Government Reform, sent letters to 14 drug manufacturers, including Actavis, Heritage, Mylan, Sun, and West-Ward.  The contents of those letters speak for themselves.

204.     Par admits only that Senator Sanders and Representative Cummings issued a joint press release, the content of which speaks for itself.

205.     Par admits only that Paragraph 205 purports to quote from a letter to Mylan from Senator Sanders and Representative Cummings, the content of which speaks for itself.

206.     Par admits only that Paragraph 206 purports to summarize a letter to Mylan from Senator Sanders and Representative Cummings, the content of which speaks for itself.

207.     Par admits only that Paragraph 207 purports to summarize letters to Mylan, Actavis, Heritage, Sun, and West-Ward from Senator Sanders and Representative Cummings, the contents of which speak for themselves.

208.     Par admits only that the first sentence of Paragraph 208 purports to quote from a letter to the OIG of the Department of Health and Human Services from Senator Sanders and Representative Cummings, the content of which speaks for itself.  Par admits only that the second sentence of Paragraph 208 purports to summarize and quote from OIG's response letter to Senator Sanders and Representative Cummings, the content of which speaks for itself.

209.    Par admits only that Paragraph 209 purports to summarize an August 2016 GAO report, the content of which speaks for itself.

210.    Par admits that DOJ opened a criminal investigation into alleged collusion in the generic pharmaceutical industry.  Par also admits that DOJ empaneled a grand jury in this District.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 210, and, on that basis, denies them.

211.    Par admits only that the third sentence of Paragraph 211 purports to summarize an article by Policy and Regulatory Report, the content of which speaks for itself.  Par admits only that the fourth sentence of Paragraph 211 purports to quote from an article by Bloomberg, the content of which speaks for itself.  Par admits the allegations in the fifth sentence of Paragraph 211.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 211, and, on that basis, denies them.

212.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 212, and, on that basis, denies them.

213.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 213, and, on that basis, denies them.

214.    Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 214, and, on that basis, denies them.

215.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 215, and, on that basis, denies them.

216.    Par admits the allegations in the first and second sentences of Paragraph 216.  Par denies that Endo Pharmaceuticals Inc. is Par's parent company.  Par admits that Endo Pharmaceuticals Inc. received the CTAG Interrogatories and Subpoena in December 2015.  Par

lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 216, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 216.

217.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 217, and, on that basis, denies them.

218.    Par admits that other generic drug manufacturers have publicly disclosed that they received subpoenas in connection with the DOJ and State AG investigations.  Par also admits that some generic drug manufacturers have publicly disclosed that search warrants have been executed at their offices and/or that some of their employees have received subpoenas as part of the DOJ and/or State AG investigations.  Par denies the remaining allegations in Paragraph 218.

219.    Par lacks sufficient knowledge or information about what is meant by "significant" to form a belief as to the truth of the allegations in the first sentence of Paragraph 219, and, on that basis, denies them.  Par admits only that the remaining allegations in Paragraph 219 purport to summarize and quote from the DOJ's Antitrust Division Manual, the content of which speaks for itself.

220.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 220, and, on that basis, denies them.  Par denies any insinuation that it has engaged in any anticompetitive conduct.

221.    Par lacks sufficient knowledge or information about what is meant by "significant" to form a belief as to the truth of the allegations in the first sentence of Paragraph 221, and, on that basis, denies them.  Par admits only that the remaining allegations in Paragraph 221 purport to summarize and quote from the DOJ's website, the content of which speaks for itself.

222.    Par admits the allegations in the first two sentences in Paragraph 222.  Par admits only that the third sentence in Paragraph 222 purports to quote from a transcript from Glazer's and Malek's plea hearing, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth sentence in Paragraph 222, and, on that basis, denies them.[2]

223.    Par admits that DOJ has intervened in MDL 2724, as well as at least one other civil antitrust action that has been transferred to MDL 2724 since the filing of this Complaint.  Par admits only that the second sentence of Paragraph 223 purports to quote from an oral argument transcript from the S.D.N.Y. propranolol action, the content of which speaks for itself.  Par admits only that the third sentence of Paragraph 223 purports to quote from a brief DOJ filed with the JPML, the content of which speaks for itself.  Par admits that DOJ moved for a stay of discovery in MDL 2724.  Par admits only that the remaining allegations in the fourth sentence of Paragraph 223 purport to quote from DOJ's motion to stay discovery, the content of which speaks for itself.

224.    Par admits only that Paragraph 224 purports to quote from DOJ's Spring 2017 Division Update, the content of which speaks for itself.

225.    Par admits that the State AGs filed a complaint involving doxycycline DR and glyburide days after the DOJ filed criminal charges against Glazer and Malek.  Par admits only that the second and third sentences of Paragraph 225 purport to summarize allegations made in the State AGs' doxycycline DR and glyburide complaint, the content of which speaks for itself.

---

[2] The sentence numbering in this paragraph counts only the substantive sentences, excluding the citation sentence.

Par admits only that the fourth and fifth sentences of Paragraph 225 purport to quote from an article in The Connecticut Mirror, the content of which speaks for itself.

226.     Par admits only that Paragraph 226 purports to quote from a press release by the Connecticut Attorney General, the content of which speaks for itself.

227.     Par admits only that Paragraph 227 purports to quote from and summarize briefs the State AGs filed with the JPML, the contents of which speak for themselves.

228.     Par admits only that Paragraph 228 purports to quote from and summarize an MLex article, the content of which speaks for itself.

229.     Par admits only that Paragraph 229 purports to quote from a press release by the New York Attorney General, the content of which speaks for itself.

230.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 230, and, on that basis, denies them.

**VI.     The Doxycycline Market**

231.     Par denies the allegations in Paragraph 231.

232.     Par denies that it has engaged in any collusion.  Par lacks sufficient knowledge about the purported "[f]actors showing that a market is susceptible to collusion" to form a belief as to the truth of the remaining allegations in Paragraph 232, and, on that basis, denies them.

233.     Par denies the allegations in Paragraph 233.

**VII.    Class Action Allegations**

234.     Par admits that Plaintiffs purport to bring this action on behalf of a Class, as alleged in Paragraph 234.  Par denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.

235.     Par denies the allegations in Paragraph 235.

236.     Par denies the allegations in Paragraph 236.

237.    Par denies the allegations in Paragraph 237.

238.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 238, and, on that basis, denies them.

239.    Par denies the allegations in Paragraph 239.

240.    Par denies the allegations in Paragraph 240.

241.    Par denies the allegations in Paragraph 241.

242.    Par denies the allegations in Paragraph 242.

## VIII.  Antitrust Injury

243.    Par admits that certain Plaintiffs directly purchased doxycycline RR from Par. Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 243 as they pertain to the other Defendants and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 243.

244.    Par denies the allegations in Paragraph 244.

245.    Par denies the allegations in Paragraph 245.

246.    Par denies the allegations in Paragraph 246.

## IX.  Claim for Relief

247.    Par repeats its answer to every allegation set forth above as though fully set forth herein.

248.    Par denies the allegations in Paragraph 248.

249.    Par denies the allegations in Paragraph 249.

250.    Par denies the allegations in Paragraph 250.

251.    Par denies the allegations in Paragraph 251.

252.    Par denies the allegations in Paragraph 252.

253.    Par denies the allegations in Paragraph 253.

254.    Par denies the allegations in Paragraph 254.

255.    Par denies the allegations in Paragraph 255.

**X.     Prayer for Relief**

Par denies any allegations contained in Plaintiffs' Prayer for Relief, including subparts A-F, and Par denies that Plaintiffs are entitled to any relief.

**XI.    Jury Trial Demanded**

The jury demand contains no factual assertions to which a response is required.  To the extent that any response is required, Par denies the allegations.

### DEFENSES

Par alleges as additional and/or affirmative defenses the following:

1.      The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*.

4.      Plaintiffs' claims are barred, in whole or in part, because the alleged conduct was unilateral, has not unreasonably restrained trade, was based on independent and legitimate business and economic justifications, and constituted lawful, bona fide business behavior.

5.      The Complaint fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against Par.

6.      Plaintiffs' claims are barred in whole or in part because the acts or omissions of Par did not substantially lessen competition in any properly defined market.

7.      Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Par had no control.  The acts of such third parties constitute intervening or superseding causes.

8.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate any alleged damages.

9.      Plaintiffs' claims are barred, in whole or in part, because some or all Plaintiffs lack standing to bring such claims and/or have not sustained cognizable antitrust injury attributable to Par's conduct.

10.     Plaintiffs' claims are barred, in whole or in part, because they seek damages that are duplicative of damages sought by Plaintiffs in other actions in this MDL, and such duplicative recovery would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

11.     Plaintiffs' claims are barred in whole or in part because any award of treble damages or punitive or exemplary damages against Par based on the alleged conduct would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

12.     To the extent the Complaint could be read as seeking punitive damages, such damages are not available in this action.

13.     Par incorporates by reference any defenses applicable to it that are asserted by any other defendant to the Complaint as if set forth fully herein.

14.     Par reserves the right to amend this Answer to assert any additional defenses when and if, in the course of discovery, investigation, or preparation for trial, it becomes appropriate to assert such defenses.

WHEREFORE, Par hereby requests that Plaintiffs' Complaint be dismissed in its entirety, with prejudice; that any and all of Plaintiffs' claims for damages or other relief of any sort or nature be denied; that Par be awarded costs, disbursements, and reasonable attorney's fees; and that Par be awarded such other and further relief as this Court may deem just and proper.


Dated:  January 31, 2019                    Respectfully submitted,

                                            */s/ John E. Schmidtlein*
                                            John E. Schmidtlein
                                            Sarah F. Teich
                                            WILLIAMS & CONNOLLY LLP
                                            725 Twelfth Street, N.W.
                                            Washington, D.C. 20005
                                            Telephone: (202) 434-5000
                                            Facsimile: (202) 434-5029
                                            jschmidtlein@wc.com
                                            steich@wc.com

                                            *Counsel for Par Pharmaceutical, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 31st day of January, 2019, a copy of the foregoing in

the above-captioned case was delivered to counsel of record via ECF.


<u>*/s/ John E. Schmidtlein*</u>
John E. Schmidtlein