**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL DOXYCYCLINE DIRECT PURCHASER ACTIONS* | LEAD CASE: 16-DX-27240<br>DIRECT CASE: 16-DX-27241 |
| AHOLD USA, INC.; CESAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a/ KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>ACTAVIS HOLDCO U.S., INC.; HERITAGE PHARMACEUTICALS, INC.; MAYNE PHARMA USA, INC.; MYLAN INC.; MYLAN PHARMACEUTICALS INC.; PAR PHARMACEUTICALS, INC.; SUN PHARMACEUTICAL INDUSTRIES, INC.; and WEST-WARD PHARMACEUTICALS CORP.,<br><br>          Defendants. | |

**ANSWER OF DEFENDANT HERITAGE PHARMACEUTICALS INC. TO
CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT**

Defendant Heritage Pharmaceuticals Inc.("Heritage"), by and through its undersigned counsel, hereby answers Plaintiffs' Consolidated Direct Purchaser Class Action Complaint (Dkts. 82 [redacted], 83 [unredacted]) (August 15, 2017) (the "Complaint") in the above-captioned action as follows:

## GENERAL DENIAL

Except as expressly admitted, Heritage denies each and every factual allegation contained in the Complaint. Furthermore, Heritage denies all allegations contained in the Complaint to the extent that they assert or suggest, individually or collectively, that Heritage engaged in any actionable conduct or is otherwise liable to Plaintiffs or the putative class or any proposed member thereof.

In addition, the Complaint contains headings, some of which characterize certain actions or events. Because they are not set forth in numbered paragraphs, the headings are not properly pleaded facts that require a response. To the extent that any headings contain factual allegations that require a response, Heritage denies the allegations set forth therein.

The Complaint also contains footnotes. Heritage treats footnotes as being contained in the numbered Paragraph in which they appear, and Heritage's answer to a numbered Paragraph in the Complaint includes, to the extent necessary, its answer to any footnotes that appear in that numbered Paragraph.

Heritage avers that, by filing this Answer, Heritage does not waive, and hereby expressly preserves, all defenses, notwithstanding any other order of this Court.

Additionally, the Complaint contains numerous legal arguments and conclusions as to which no response is required. Heritage's Answer responds only to the Complaint's factual allegations.

## SPECIFIC RESPONSES

1.      To the extent that Paragraph 1 asserts legal conclusions, no response is required. To the extent Paragraph 1 contains factual allegations requiring a response, Heritage denies the allegations, except admits that Plaintiffs purport to assert the action to which Paragraph 1 refers and that Plaintiffs purport to use the term "Defendant" or "Defendants" throughout the Complaint to refer to the defendants named specifically in the Complaint, all of the named Defendants' predecessors, including those merged with or acquired by the named Defendants and each named Defendants' wholly owned or controlled subsidiaries or affiliates that played a material role in the alleged conduct.  Heritage further denies that all Plaintiffs purchased generic doxycycline hyclate directly from Heritage, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, denies that the lawsuit has any merit, denies the assertion that the case may proceed as a class action, and denies that the class definition is appropriate.

2.      To the extent that Paragraph 2 asserts legal conclusions, no response is required. Heritage admits that the entry of generic versions of branded drugs often reduces prices, but denies that the allegations contained in Paragraph 2 present a complete, fair, and accurate description of the matters described therein.  To the extent that Paragraph 2 contains other factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 2, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

3.      To the extent that Paragraph 3 asserts legal conclusions, no response is required. Heritage admits that Plaintiffs purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1.  To the extent that Paragraph 3 contains additional factual allegations about Heritage

that require a response, Heritage denies the allegations in Paragraph 3, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4.      To the extent that Paragraph 4 asserts legal conclusions, no response is required. To the extent that Paragraph 4 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 4, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

5.      Heritage admits that Doxycycline is tetracycline antibiotic.  Heritage admits that the World Health Organization published the website referenced in footnote 2, and Heritage refers to that article, which speaks for itself, for a complete and accurate account of its contents. To the extent that paragraph 5 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 5, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

6.      To the extent that Paragraph 6 asserts legal conclusions, no response is required. Heritage admits that Doxycycline hyclate is available in capsule or tablet form and in different formulations, such as regular release ("RR") and delayed release ("DR").  Heritage admits that it sold Doxycycline hyclate DR and that Doxycycline hyclate DR sold by Heritage is dispensed with an accompanying package insert for the end customer as referenced in footnote 3, and Heritage refers to the text of those inserts, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 6 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 6, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations concerning other parties.

7.      To the extent that Paragraph 7 asserts legal conclusions, no response is required. Heritage admits that the U.S. Government Accountability Office published the report referenced in footnote 4, and Heritage refers to that report, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 7 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 7, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

8.      To the extent that Paragraph 8 asserts legal conclusions, no response is required. Heritage denies the allegations in Paragraph 8, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

9.      To the extent that Paragraph 9 asserts legal conclusions, no response is required. Heritage admits that the Generic Pharmaceutical Association ("GPhA"), the Healthcare Distribution Management Association ("HDMA"), the Minnesota Multistate Contracting Alliance for Pharmacy ("MMCAP"), the National Association of Chain Drug Stores ("NACDS"), Efficient Collaborative Retail Marketing ("ECRM"), and the National Pharmacy Forum ("NPF") are industry trade associations.  Heritage admits the existence of the publication referenced in footnote 5, and Heritage refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 9 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 9, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

10.     To the extent that Paragraph 10 asserts legal conclusions, no response is required.

Heritage admits the existence of investigations concerning the generic pharmaceutical industry by the Department of Justice's Antitrust Division and certain state attorneys general.  Heritage admits that former Heritage executives Jeffrey Glazer and Jason Malek pleaded guilty to two felony charges, and Heritage refers to the text of their plea agreements, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 10 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 10, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

11.     To the extent that Paragraph 11 asserts legal conclusions, no response is required. Heritage admits that the National Community Pharmacists Association published the correspondence referenced in footnote 6, and Heritage refers to that published correspondence, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 11 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 11, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

12.     Heritage admits that the DOJ filed criminal informations against former Heritage executives Jeffrey Glazer and Jason Malek on December 12, 2016 and December 13, 2016, respectively, in the United States District Court for the Eastern District of Pennsylvania, and Heritage refers to the text of those documents, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 12 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 12, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

13.     Heritage admits that Glazer and Malek pleaded guilty to two felony charges, and Heritage refers to the text of their plea agreements, which speak for themselves, for a complete and accurate account of their contents.  Heritage refers to the text of the transcript of the plea hearing that is cited in footnote 7, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 13 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 13, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

14.     Heritage admits that Glazer and Malek pleaded guilty to two felony charges, and Heritage refers to the text of their plea agreements, which speak for themselves, for a complete and accurate account of their contents.  Heritage refers to the text of the transcript of the plea hearing that is cited in footnote 8, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 14 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 14, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

15.     Heritage admits that DOJ filed a motion to stay discovery referenced in footnote 9, and Heritage refers to that motion, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 15 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 15, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

16.     Heritage admits that a coalition of state attorneys general have sued Heritage and

other generic pharmaceutical companies.  Heritage refers to the complaints filed by those state attorneys general, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that it has been reported that Glazer and Malek entered into settlement agreements with the attorneys general, and Heritage refers to those agreements, which would speak for themselves, for a complete and accurate account of their contents.  Heritage admits that Connecticut Attorney General George Jepsen made a statement referenced in footnote 11, and Heritage refers to that article, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 16 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 16, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

17.     Heritage admits that Pfizer issued the SEC filing referenced in Paragraph 17, and Heritage refers to that filing, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 17 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 17, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

18.     To the extent that Paragraph 18 asserts legal conclusions, no response is required. To the extent that Paragraph 18 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 18, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

19.     Paragraph 19 sets forth legal conclusions to which no response is required.  To the

extent that Paragraph 19 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 19, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

20.     To the extent that Paragraph 20 asserts legal conclusions, no response is required. Heritage admits that Plaintiffs purport to assert claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and seek to recover alleged damages.  Heritage denies the remaining allegations in Paragraph 20.

21.     Paragraph 21 sets forth legal conclusions to which no response is required. Heritage admits that it transacted business in the United States, including within this District. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

22.     Paragraph 22 asserts legal conclusions to which no response is required.  Heritage does not contest personal jurisdiction within this District and thus, for purposes of this action, admits that it transacted business within this District.  To the extent that Paragraph 22 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 22, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

23.     Paragraph 23 asserts legal conclusions to which no response is required.  Heritage admits that this Court has personal jurisdiction over Heritage.  Heritage admits that it participated in the sale of Doxycycline hyclate DR in the United States.  To the extent that Paragraph 23 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 23, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

24.     To the extent that Paragraph 24 asserts legal conclusions, no response is required. Heritage admits that Ahold purchased Doxycycline hyclate DR from Heritage.  To the extent that Paragraph 24 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 24, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

25.     To the extent that Paragraph 25 asserts legal conclusions, no response is required. To the extent that Paragraph 25 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 25, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

26.     To the extent that Paragraph 26 asserts legal conclusions, no response is required. To the extent that Paragraph 26 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 26, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

27.     To the extent that Paragraph 27 asserts legal conclusions, no response is required. To the extent that Paragraph 27 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 27, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

28.     To the extent that Paragraph 28 asserts legal conclusions, no response is required. To the extent that Paragraph 28 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 28, except denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

29.     To the extent that Paragraph 29 asserts legal conclusions, no response is required. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

30.     Heritage admits that it is a Delaware corporation; that its principal place of business at the time this action was filed was Eatontown, New Jersey; and that it is an indirect subsidiary of Emcure Pharmaceuticals Limited, which is a pharmaceutical company based in India.  Heritage admits that it sold Doxycycline hyclate DR in this District and in other places in the United States.  To the extent that Paragraph 30 contains additional factual allegations about Heritage that require a response, Heritage denies those allegations.

31.     To the extent that Paragraph 31 asserts legal conclusions, no response is required. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

32.     To the extent that Paragraph 32 asserts legal conclusions, no response is required. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

33.     To the extent that Paragraph 33 asserts legal conclusions, no response is required. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

34.     To the extent that Paragraph 34 asserts legal conclusions, no response is required. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

35.     To the extent that Paragraph 35 asserts legal conclusions, no response is required. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

36.     To the extent that Paragraph 36 asserts legal conclusions, no response is required. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

37.     To the extent that Paragraph 37 asserts legal conclusions, no response is required. To the extent that Paragraph 37 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 37, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

38.     Paragraph 38 asserts legal conclusions that do not require a response.  To the extent that Paragraph 38 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 38, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

39.     Paragraph 39 asserts legal conclusions that do not require a response.  To the extent that Paragraph 39 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 39, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties

40.     To the extent that Paragraph 40 asserts legal conclusions, no response is required. To the extent that Paragraph 40 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 40, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other

parties.  Heritage further reserves the right to object to further amendments to the Complaint.

41.     Paragraph 41 asserts legal conclusions that do not require a response.  To the extent that Paragraph 41 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 41, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

42.     Paragraph 42 asserts legal conclusions that do not require a response.  To the extent that Paragraph 42 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 42, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

43.     Paragraph 43 asserts legal conclusions that do not require a response.  To the extent that Paragraph 43 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 43, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

44.     Heritage admits that it sold Doxycycline hyclate DR in the United States.  To the extent that Paragraph 44 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 44, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

45.     Heritage admits that Doxycycline hyclate DR is produced by or on behalf of Heritage outside of the United States.  To the extent that Paragraph 45 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 45, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

46.     To the extent that Paragraph 46 asserts legal conclusions, no response is required. Heritage admits that it sold Doxycycline hyclate DR in the United States at times during the purported Class Period, but denies that class adjudication is proper or that the proposed Class Period is appropriate.  To the extent that Paragraph 46 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 46, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

47.     To the extent that Paragraph 47 asserts legal conclusions, no response is required. To the extent that Paragraph 47 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 47, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

48.     To the extent that Paragraph 48 asserts legal conclusions, no response is required. To the extent that Paragraph 48 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 48, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

49.     To the extent that Paragraph 49 asserts legal conclusions, no response is required. To the extent that Paragraph 49 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 49, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

50.     To the extent that Paragraph 50 asserts legal conclusions, no response is required.

To the extent that Paragraph 50 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 50, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

51.     To the extent that Paragraph 51 asserts legal conclusions, no response is required. Heritage admits that generic drugs often provide a lower-cost but bioequivalent alternative to brand drugs, that the Food and Drug Administration ("FDA") requires rigorous testing, and that generics must have the same amount of active ingredient and must be "therapeutically equivalent" to the brand.  Heritage is without knowledge or information sufficient to form a belief as to patients' expectations.  Heritage admits the existence of the publication referenced in footnote 13, and refers to that publications, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 51 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 51, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 51 present a complete, fair, and accurate description of the matters described therein.

52.     To the extent that Paragraph 52 asserts legal conclusions, no response is required. Heritage admits that the Hatch-Waxman Act provides requirements for sellers of generic pharmaceuticals.  Heritage is without knowledge or information sufficient to form a belief as to whether the purpose of the Hatch-Waxman Act was to encourage the production and sale of generic drugs.  To the extent that Paragraph 52 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 52, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

concerning other parties, and denies that the allegations contained in Paragraph 52 present a complete, fair, and accurate description of the matters described therein.

53.     To the extent that Paragraph 53 asserts legal conclusions, no response is required. To the extent that Paragraph 53 purports to characterize federal law and regulations, Heritage refers to those laws directly, which speak for themselves, for a complete and accurate account of their contents.  Heritage denies that the allegations contained in Paragraph 53 present a complete, fair, and accurate description of the matters described therein.

54.     To the extent that Paragraph 54 asserts legal conclusions, no response is required. To the extent that Paragraph 54 purports to characterize federal and/or state law and regulations, Heritage refers to those laws directly, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that generic versions of brand name drugs generally are priced below their brand counterparts.  To the extent that Paragraph 54 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 54, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 54 present a complete, fair, and accurate description of the matters described therein.

55.     To the extent that Paragraph 55 purports to characterize federal law and regulations, Heritage refers to those laws directly, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that a generic pharmaceutical entering into a market in which the branded drug occupies 100% market share is generally priced below the cost of the branded drug and that the prices for generic pharmaceuticals generally decline as additional manufacturers begin selling the same  generic pharmaceutical.  Heritage is without knowledge or information sufficient to form a belief as to how branded drugs are priced or to the

legislative purpose of the Hatch-Waxman Act.  To the extent that Paragraph 55 purports to characterize the findings of economic literature that is not cited in the complaint, the publications forming that literature speak for themselves, and Heritage denies knowledge or information sufficient to form a belief as to the truth or falsity of the characterizations in Paragraph 55.  To the extent that Paragraph 55 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 55, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 55 present a complete, fair, and accurate description of the matters described therein.

56.     To the extent that Paragraph 56 asserts legal conclusions, no response is required. Heritage admits that competition among makers of generic pharmaceuticals generally leads to lower prices than would exist absent competition among makers of generic pharmaceuticals.  To the extent that Paragraph 56 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 56, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 56 present a complete, fair, and accurate description of the matters described therein.

57.     To the extent that Paragraph 57 asserts legal conclusions, no response is required. Heritage admits that the Federal Trade Commission published studies referenced in footnotes 14 and 15, and that the U.S. Congressional Budget Office published a study referenced in footnote 15.  Heritage refers to those studies, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that there are several generic pharmaceutical companies that have sold formulations of Doxycycline.  To the extent that Paragraph 57 contains

additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 57, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 57 present a complete, fair, and accurate description of the matters described therein.

58.     Heritage admits that competition among makers of generic pharmaceuticals generally enables purchasers to purchase generic versions at a lower price than the branded version of a pharmaceutical.  Heritage admits that GPhA published a report referenced in footnote 16, and refers to that report, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 58 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 58, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 58 present a complete, fair, and accurate description of the matters described therein.

59.     To the extent that Paragraph 59 asserts legal conclusions, no response is required. To the extent that Paragraph 59 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 59, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 59 present a complete, fair, and accurate description of the matters described therein.

60.     Heritage admits that reports of Wholesale Acquisition Cost ("WAC") for generic manufacturers' drugs are made public through third-party services.  To the extent that Paragraph 60 contains additional factual allegations about Heritage that require a response, Heritage denies

the allegations in Paragraph 60, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 60 present a complete, fair, and accurate description of the matters described therein.

61.     To the extent that Paragraph 61 asserts legal conclusions, no response is required. Heritage admits the existence of the publications referenced in footnotes 18 and 19, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 61 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 61, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 61 present a complete, fair, and accurate description of the matters described therein.

62.     Heritage admits the existence of the publications referenced in footnotes 20, 21, and 22, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 62 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 62, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 62 present a complete, fair, and accurate description of the matters described therein.

63.     Heritage admits the existence of the publications referenced in footnotes 23 and 24, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 63 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 63, except

denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 63 present a complete, fair, and accurate description of the matters described therein.

64.     To the extent that Paragraph 64 asserts legal conclusions, no response is required. To the extent that Paragraph 64 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 64, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 64 present a complete, fair, and accurate description of the matters described therein.

65.     To the extent that Paragraph 65 asserts legal conclusions, no response is required. Heritage admits the existence of the publications referenced in footnotes 25, 26 and 27, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 65 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 65, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 65 present a complete, fair, and accurate description of the matters described therein.

66.     To the extent that Paragraph 66 asserts legal conclusions, no response is required. To the extent that Paragraph 66 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 66, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 66 present a complete, fair, and accurate description of the matters described therein.

67.     Heritage admits that on January 9, 2017, Glazer and Malek each pleaded guilty to two felony charges, and Heritage refers to the text of their plea agreements and the transcripts of the proceeding at which their guilty pleas were entered, which speak for themselves, for a complete and accurate account of their contents.

68.     Heritage admits that the Department of Justice's grand jury subpoenaed materials from Heritage, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

69.     Heritage admits that state attorneys general filed a lawsuit against Heritage and other defendants, and refers to the amended complaint cited in footnote 28, which speaks for itself, for a complete and accurate account of its contents.

70.     Heritage admits the existence of investigations by the Department of Justice's Antitrust Division and certain state attorneys general, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

71.     To the extent that Paragraph 71 asserts legal conclusions, no response is required. Heritage admits the existence of the publication referenced in footnote 29, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 71 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 71, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

72.     To the extent that Paragraph 72 asserts legal conclusions, no response is required. To the extent that Paragraph 72 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 72, except denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 72 present a complete, fair, and accurate description of the matters described therein.

73.     To the extent that Paragraph 73 asserts legal conclusions, no response is required. To the extent that Paragraph 73 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 73, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 73 present a complete, fair, and accurate description of the matters described therein.

74.     To the extent that Paragraph 74 asserts legal conclusions, no response is required. To the extent that Paragraph 74 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 74, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

75.     To the extent that Paragraph 75 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 75, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

76.     To the extent that Paragraph 76 asserts legal conclusions, no response is required. To the extent that Paragraph 76 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 76, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 76 present a complete, fair, and

accurate description of the matters described therein.

77.     To the extent that Paragraph 77 asserts legal conclusions, no response is required. To the extent that Paragraph 77 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 77, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 77 present a complete, fair, and accurate description of the matters described therein.

78.     To the extent that Paragraph 78 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 78, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

79.     To the extent that Paragraph 79 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 79, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

80.     To the extent that Paragraph 80 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 80, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

81.     To the extent that Paragraph 81 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 81, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

82.     To the extent that Paragraph 82 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 82, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

83.     To the extent that Paragraph 83 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 83, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

84.     To the extent that Paragraph 84 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 84, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

85.     To the extent that Paragraph 85 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 85, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

86.     To the extent that Paragraph 86 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 86, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

87.     To the extent that Paragraph 87 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 87, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other

parties.

88.     To the extent that Paragraph 88 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 88, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

89.     To the extent that Paragraph 89 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 89, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

90.     To the extent that Paragraph 90 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 90, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

91.     To the extent that Paragraph 91 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 91, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 91 present a complete, fair, and accurate description of the matters described therein.

92.     To the extent that Paragraph 92 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 92, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

93.     To the extent that Paragraph 93 asserts legal conclusions, no response is required.

Heritage admits the existence of the publications referenced in footnotes 32 and 33, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 93 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 93, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 93 present a complete, fair, and accurate description of the matters described therein.

94.     To the extent that Paragraph 94 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 94, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

95.     Heritage admits the existence of the publications referenced in footnotes 38, 39 and 40, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 95 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 95, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

96.     Heritage admits the existence of the publications referenced in footnotes 41, 42, and 43, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 96 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 96, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

97.     To the extent that Paragraph 97 asserts legal conclusions, no response is required. To the extent that Paragraph 97 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 97, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

98.     To the extent that Paragraph 98 asserts legal conclusions, no response is required. To the extent that Paragraph 98 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 98, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

99.     To the extent that Paragraph 99 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 99, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

100.    To the extent that Paragraph 100 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 100, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

101.    To the extent that Paragraph 101 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 101, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

102.    Heritage is without knowledge or information sufficient to form a belief as to the

truth of the factual allegations in Paragraph 102 and, on that basis, denies those allegations.

103.    Heritage admits that it sold Doxycycline hyclate DR.  To the extent that Paragraph 103 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 103, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 103 present a complete, fair, and accurate description of the matters described therein.

104.    To the extent that Paragraph 104 asserts legal conclusions, no response is required.  To the extent that Paragraph 104 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 104, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 104 present a complete, fair, and accurate description of the matters described therein.

105.    To the extent that Paragraph 105 asserts legal conclusions, no response is required.  Heritage admits that it sold Doxycycline hyclate DR.  To the extent that Paragraph 105 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 105, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 105 present a complete, fair, and accurate description of the matters described therein.

106.    To the extent that Paragraph 106 asserts legal conclusions, no response is required.  Heritage admits that allegations in the State AGs' complaint indicate that certain Heritage employees at times reached out to certain competitors concerning competition on

certain drugs.  To the extent that Paragraph 106 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 106, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 106 present a complete, fair, and accurate description of the matters described therein.

107.    To the extent that Paragraph 107 asserts legal conclusions, no response is required.  Heritage admits that in 2013 and 2014, Malek was the President of Heritage and Glazer was the CEO and Chairman of Heritage.  Heritage admits that in 2014, Glazer and Malek instructed certain Heritage employees to contact certain competitors concerning certain drugs and that certain Heritage employees contacted certain competitors and reached agreements related to price competition concerning certain drugs.  Heritage denies that it reached any agreement regarding price competition concerning Doxycycline hyclate DR. Heritage denies the remaining factual allegations in Paragraph 107.

108.    Heritage admits that Glazer exchanged emails with a Mylan executive in May 2013 and that the Mylan executive responded with a phone number where he could be reached in England.  To the extent that Paragraph 108 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 108, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 108 present a complete, fair, and accurate description of the matters described therein.

109.    To the extent that Paragraph 109 asserts legal conclusions, no response is required.  To the extent that Paragraph 109 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 109, except denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 109 present a complete, fair, and accurate description of the matters described therein.

110.    To the extent that Paragraph 110 asserts legal conclusions, no response is required.  To the extent that Paragraph 110 contains factual allegations about Heritage that require a response, Heritage denies the remaining allegations in Paragraph 110, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 110 present a complete, fair, and accurate description of the matters described therein.

111.    To the extent that Paragraph 111 asserts legal conclusions, no response is required.  Heritage admits that it submitted a bid on Doxycycline hyclate DR to Econdisc Contracting Solutions in January 2015, but denies that Heritage submitted such a bid in accordance with an agreement with Mayne not to compete.  Heritage admits that it did not submit a bid on Doxycycline hyclate DR to a large pharmacy chain in September 2015, but denies that it did so in accordance with an agreement with Mayne not to compete.  To the extent that Paragraph 111 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 111, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 111 present a complete, fair, and accurate description of the matters described therein.

112.    To the extent that Paragraph 112 asserts legal conclusions, no response is required.  To the extent that Paragraph 112 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 112, except denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 112 present a complete, fair, and accurate description of the matters described therein.

113.    Heritage admits that certain of its employees and former employees have attended industry meetings attended by other Defendants.  Heritage denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

114.    To the extent that Paragraph 114 asserts legal conclusions, no response is required.  To the extent that Paragraph 114 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 114, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 114 present a complete, fair, and accurate description of the matters described therein.

115.    To the extent that Paragraph 115 asserts legal conclusions, no response is required.  To the extent that Paragraph 115 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 115, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 115 present a complete, fair, and accurate description of the matters described therein.

116.    To the extent that Paragraph 116 asserts legal conclusions, no response is required.  To the extent that Paragraph 116 contains factual allegations about Heritage that require a response, Heritage denies that it entered into an agreement with competitors related to price competition for Doxycycline hyclate DR and denies the allegations in Paragraph 116, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations concerning other parties, and denies that the allegations contained in Paragraph 116 present a complete, fair, and accurate description of the matters described therein.

117.     To the extent that Paragraph 117 asserts legal conclusions, no response is required.  To the extent that Paragraph 117 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 117, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 117 present a complete, fair, and accurate description of the matters described therein.

118.     To the extent that Paragraph 118 asserts legal conclusions, no response is required.  To the extent that Paragraph 118 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 118, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 118 present a complete, fair, and accurate description of the matters described therein.

119.     To the extent that Paragraph 119 asserts legal conclusions, no response is required.  Heritage admits the existence of the publications referenced in footnotes 46 and 47, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 119 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 119, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 119 present a complete, fair, and accurate description of the matters described therein.

120.     To the extent that Paragraph 120 asserts legal conclusions, no response is

required.  Heritage admits that it or certain of its employees have been members of certain trade associations and attended certain of their events.  Heritage denies the remaining allegations in Paragraph 120, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 120 present a complete, fair, and accurate description of the matters described therein.

121.    Heritage admits that the GPhA is now called the Association for Accessible Medicines.  Heritage admits the existence of the website cited in footnote 48, and refers to that website, which speaks for itself, for a complete and accurate account of its contents.  Heritage denies the remaining factual allegations in Paragraph 121, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

122.    Heritage admits the existence of the website cited in footnote 49, and refers to that website, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 122 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 122, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

123.    Heritage admits that Glazer served on GPhA's Board of Directors at some point during the purported Class Period when he was employed by Heritage.  To the extent that Paragraph 123 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 123, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

124.    Heritage admits that Glazer served on GPhA's Board of Directors and was

Heritage's CEO in 2012.  To the extent that Paragraph 124 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 124, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

125.    Heritage admits that Glazer served on GPhA's Board of Directors and was Heritage's CEO in 2013.  To the extent that Paragraph 125 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 125, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

126.    Heritage admits that Glazer served on GPhA's Board of Directors and was Heritage's CEO in 2014.  To the extent that Paragraph 126 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 126, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

127.    Heritage admits that Glazer served on GPhA's Board of Directors and was Heritage's CEO in 2015.  To the extent that Paragraph 127 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 127, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

128.    To the extent that Paragraph 128 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 128, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

129.     Heritage admits that it was a regular member of the GPhA during the purported Class Period.  Heritage admits the existence of the publication referenced in footnote 50, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 129 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 129, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

130.     Heritage admits that the NACDS is the National Association of Chain Drug Stores and that it holds industry events, including annual and regional conferences, that certain Heritage employees have attended.  To the extent that Paragraph 130 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 130, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

131.     Heritage admits that the HDMA, which was the Healthcare Distribution Management Association, is now called the HDA, which is the Healthcare Distribution Alliance. Heritage admits the existence of the website cited in footnote 51, and refers to that website, which speaks for itself, for a complete and accurate account of its contents.  Heritage admits that it was a member of HDMA during the purported Class Period.  To the extent that Paragraph 131 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 131, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

132.     Heritage admits that MMCAP's website states that it is a "free, voluntary group purchasing organization for government facilities that provide healthcare services.  MMCAP has

been delivering pharmacy and healthcare value to members since 1985.  MMCAP's membership extends across nearly every state in the nation, delivering volume buying power.  Members receive access to a full range of pharmaceuticals and other healthcare products and services, such as, medical supplies, influenza vaccine, dental supplies, drug testing, wholesaler invoice auditing, and returned goods processing."  Heritage refers to MMCAP's website, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 132 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 132, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

133.    Heritage refers to MMCAP's Charter, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 133 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 133, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

134.    Heritage admits that ECRM's website states that it conducts Efficient Program Planning Sessions that are made up of one-on-one strategic meetings that connect decision makers in an effort to maximize time, grow sales, and uncover industry trends, and refers to ECRM's website, which speaks for itself, for a complete and accurate account of its contents.

135.    Heritage admits that ECRM's website, which speaks for itself, references opportunities available at ECRM annual meetings, and refers to the website for a complete and accurate account of its contents.  To the extent that Paragraph 135 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 135, except denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations concerning other parties.

136.    Heritage denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

137.    Heritage admits that certain meetings and events hosted by the GPhA, HDMA, ECRM, NACDS, and MMCAP occurred during the purported Class Period, that certain Heritage employees attended some of those meetings and events, and that two Heritage employees—Glazer and Malek—had price-setting authority for Heritage.  To the extent that Paragraph 137 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 137, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

138.    Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in October 2012.  To the extent that Paragraph 138 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 138, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

139.    Heritage admits that at least one employee of Heritage attended the GPhA meeting in Orlando, FL in February 2013.  To the extent that Paragraph 139 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 139, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

140.    Heritage admits that certain employees of Heritage attended the ECRM meeting in Dallas, TX in February 2013.  Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegation in footnote 52 and, on that basis, denies those

allegations.  To the extent that Paragraph 140 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 140, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

141.    Heritage admits that at least one employee of Heritage attended the NACDS meeting in Palm Beach, FL in April 2013.  To the extent that Paragraph 141 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 141 and footnote 53, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

142.    Heritage admits that at least one employee of Heritage attended the HDMA meeting in Orlando, FL in June 2013.  Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegation in footnote 54 and, on that basis, denies those allegations.  To the extent that Paragraph 142 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 142, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

143.    Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in June 2013.  To the extent that Paragraph 143 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 143, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

144.    Heritage admits that at least one employee of Heritage attended the NACDS meeting in Las Vegas, NV in August 2013.  To the extent that Paragraph 144 contains additional

factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 144, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

145.    Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in October 2013.  To the extent that Paragraph 145 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 145, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

146.    Heritage admits that at least one employee of Heritage attended the GPhA meeting in Orlando, FL in February 2014.  To the extent that Paragraph 146 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 146, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

147.    Heritage admits that at least one employee of Heritage attended the ECRM meeting in Amelia Island, FL in February 2014.  To the extent that Paragraph 147 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 147, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

148.    Heritage admits that at least one employee of Heritage attended the NACDS meeting in Scottsdale, AZ in February 2014.  To the extent that Paragraph 148 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 148, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

149.     To the extent that Paragraph 149 asserts legal conclusions, no response is required.  Heritage admits that, at the May 12-15, 2014 MMCAP National Member Conference, a Heritage employee met in person and discussed price increase strategies for certain drugs with certain competitors.  Heritage admits that a Heritage employee believed that an agreement was reached with one competitor related to increasing the price for at least one drug.  To the extent that Paragraph 149 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 149.  To the extent that Paragraph 149 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 149, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

150.     Heritage admits that Heritage employee Anne Sather attended the MMCAP meeting in May 2014, but denies that Sather was a key executive for generic drug pricing.  To the extent that Paragraph 150 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 150, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

151.     Heritage admits that at least one employee of Heritage attended the HDMA meeting in Phoenix, AZ in June 2014.  To the extent that Paragraph 151 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 151, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

152.     Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in June 2014.  To the extent that Paragraph 152 contains additional

factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 152, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

153.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 153 and, on that basis, denies those allegations.  To the extent that Paragraph 153 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 153, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

154.    Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in October 2014.  To the extent that Paragraph 154 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 154, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

155.    Heritage admits that at least one employee of Heritage attended the February 2015 GPhA Annual Meeting in Miami, Florida; the February 2015 ECRM meeting in Destin, Florida; the April 2015 NACDS Annual Meeting in Palm Beach, Florida;  the June 2015 GPhA meeting in Bethesda, Maryland; the August 2015 NACDS Total Store Expo in Denver, Colorado; the November 2015 GPhA meeting in Bethesda, Maryland; the June 2016 HDMA BLC in Colorado Springs, Colorado; and, the August 2016 NACDS 2016 Total Store Expo in Boston, Massachusetts.  Heritage is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 155 and, on that basis, denies those allegations.

156.     To the extent that Paragraph 156 asserts legal conclusions, no response is required.  Heritage admits that State Attorneys Generals filed a complaint against Heritage and other defendants, which is referenced in footnote 55, and refers to that complaint, which speaks for itself, for a complete and accurate account of its contents.  Heritage admits that certain Heritage employees, at certain conferences and trade shows, discussed their respective businesses and customers with representatives from certain other Defendants, including price competition.  Heritage admits that certain Heritage employees attended social events that accompanied certain conferences and trade shows.  To the extent that Paragraph 156 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 156, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 156 present a complete, fair, and accurate description of the matters described therein.

157.     Heritage admits that State Attorneys Generals filed a complaint naming Heritage referenced in footnote 56, and refers to that complaint, which speaks for itself, for a complete and accurate account of its contents.  Heritage admits that meetings at conferences and trade shows allowed representatives of certain generic drug manufacturers an opportunity to interact, including attendance at certain social gatherings that allowed for face-to-face meetings.  To the extent that Paragraph 157 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 157, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 157 present a complete, fair, and accurate description of the matters described therein.

158.    To the extent that Paragraph 158 asserts legal conclusions, no response is required.  Heritage admits that it is headquartered in New Jersey.  To the extent that Paragraph 158 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 158, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 158 present a complete, fair, and accurate description of the matters described therein.

159.    To the extent that Paragraph 159 asserts legal conclusions, no response is required.  Heritage admits that at least one of its employees or former employees attended gatherings where women who worked in the industry would interact with one another, but denies that Heritage employees discussed competitively sensitive information during these gatherings. To the extent that Paragraph 159 asserts additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 159, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 159 present a complete, fair, and accurate description of the matters described therein.

160.    To the extent that Paragraph 160 asserts legal conclusions, no response is required.  To the extent that Paragraph 160 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 160, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 160 present a complete, fair, and accurate description of the matters described therein.

161.    To the extent that Paragraph 161 asserts legal conclusions, no response is

required.  To the extent that Paragraph 161 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 161, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 161 present a complete, fair, and accurate description of the matters described therein.

162.    To the extent that Paragraph 162 asserts legal conclusions, no response is required.  To the extent that Paragraph 162 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 162, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 162 present a complete, fair, and accurate description of the matters described therein.

163.    To the extent that Paragraph 163 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 163, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 163 present a complete, fair, and accurate description of the matters described therein.

164.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 164 and, on that basis, denies those allegations.

165.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 165 and, on that basis, denies those allegations.

166.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 166 and, on that basis, denies those allegations.

167.    Heritage is without knowledge or information sufficient to form a belief as to the

truth of the factual allegations in Paragraph 167 and, on that basis, denies those allegations.

168.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 168 and, on that basis, denies those allegations.

169.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 169 and, on that basis, denies those allegations.

170.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 170 and, on that basis, denies those allegations.

171.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 171 and, on that basis, denies those allegations.

172.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 172 and, on that basis, denies those allegations.

173.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 173 and, on that basis, denies those allegations.

174.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 174 and, on that basis, denies those allegations.

175.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 175 and, on that basis, denies those allegations.

176.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 176 and, on that basis, denies those allegations.

177.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 177 and, on that basis, denies those allegations.

178.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 178 and, on that basis, denies those allegations.

179.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 179 and, on that basis, denies those allegations.

180.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 180 and, on that basis, denies those allegations.

181.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 181 and, on that basis, denies those allegations.

182.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 182 and, on that basis, denies those allegations.

183.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 183 and, on that basis, denies those allegations.

184.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 184 and, on that basis, denies those allegations.

185.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 185 and, on that basis, denies those allegations.

186.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 186 and, on that basis, denies those allegations.

187.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 187 and, on that basis, denies those allegations.

188.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 188 and, on that basis, denies those allegations.

189.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 189 and, on that basis, denies those allegations.

190.     Heritage is without knowledge or information sufficient to form a belief as to the

truth of the factual allegations in Paragraph 190 and, on that basis, denies those allegations.

191.   Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 191 and, on that basis, denies those allegations.

192.   Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 192 and, on that basis, denies those allegations.

193.   Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 193 and, on that basis, denies those allegations.

194.   Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 194 and, on that basis, denies those allegations.

195.   Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 195 and, on that basis, denies those allegations.

196.   Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 196 and, on that basis, denies those allegations.

197.   Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 197 and, on that basis, denies those allegations.

198.   To the extent that Paragraph 198 asserts legal conclusions, no response is required.  Heritage admits the existence of the publication referenced in footnote 61, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents. To the extent Paragraph 198 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 198, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 198 present a complete, fair, and accurate description of the matters described therein.

199.     To the extent that Paragraph 199 asserts legal conclusions, no response is required.  Heritage admits the existence of the publication referenced in footnote 62, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents. To the extent Paragraph 199 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 199, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 199 present a complete, fair, and accurate description of the matters described therein.

200.     To the extent that Paragraph 200 asserts legal conclusions, no response is required.  Heritage admits the existence of the publication referenced in footnote 63, and refers to that publication, which speaks for itself, for a complete and accurate account of its  contents. To the extent Paragraph 200 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 200, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 200 present a complete, fair, and accurate description of the matters described therein.

201.     To the extent that Paragraph 201 asserts legal conclusions, no response is required.  Heritage admits the existence of the publication referenced in footnote 64, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents. To the extent that Paragraph 201 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 201, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

202.     Heritage admits the existence of the correspondence referenced in Paragraph 202 and refers to that correspondence, which speaks for itself, for a complete and accurate account of its contents.  Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties and, on that basis, denies the remaining allegations.

203.     Heritage admits that in October 2014, Senator Bernie Sanders and Representative Elijah E. Cummings wrote to generic drug companies requesting information about prices of generic drugs, as identified on the website cited in footnote 65.  Heritage refers that correspondence, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 203 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 203, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

204.     Heritage admits the existence of the publication referenced in footnote 66, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 204 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 204, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

205.     Heritage admits the existence of the publication referenced in footnote 67, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 205 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 205, except denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

206.     Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 206 and, on that basis, denies those allegations.

207.     Heritage admits that it received a letter in October 2014 from Senator Sanders and Representative Cummings that requested, for the time period of January 1, 2012 to October 2014, total gross revenues from Heritage's sales of Doxycycline Hyclate; the dates, quantities, purchasers, and prices paid for all sales of Doxycycline Hyclate; total expenses relating to the sales of Doxycycline Hyclate, as well as the specific amounts for manufacturing, marketing and advertising, and purchases of active pharmaceutical ingredients, if applicable; sales contracts or purchase agreements for active pharmaceutical ingredients for Doxycycline Hyclate, including any agreements relating to exclusivity, if applicable; a description and valuation of the specific financial and non-financial factors that contributed to Heritage's decisions to increase the prices of Doxycycline Hyclate; any cost estimates, profit projections, or other analyses relating to Heritage's current and future sales of Doxycycline Hyclate; prices of Doxycycline Hyclate in all foreign countries or markets, including price information for the countries paying the highest and lowest prices; and the identity of Heritage official(s) responsible for setting the prices of Doxycycline Hyclate.  Heritage denies that it sold the Doxycycline product about which the information was sought.  To the extent that Paragraph 207 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 207, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

208.     Heritage admits the existence of the publications referenced in footnotes 68 and

69, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 208 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 208, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

209.    Heritage admits the existence of the publication referenced in footnote 209, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 209 contains additional  factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 209, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

210.    Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 210 and, on that basis, denies those allegations.

211.    To the extent that Paragraph 211 asserts legal conclusions, no response is required.  Heritage admits that on January 9, 2017, Glazer and Malek each pleaded guilty to two felony charges, including one concerning Doxycycline hyclate, and Heritage refers to the text of their plea agreements and the transcripts of the proceeding at which their guilty pleas were entered, which speak for themselves, for a complete and accurate account of their contents. Heritage admits the existence of the publications referenced in footnotes 71 and 72, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 211 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 211, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

concerning other parties.

212.     Heritage admits the existence of the publication referenced in footnote 73, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 212 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 212, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

213.     Heritage admits the existence of the publication referenced in footnote 74, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 213 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 213, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

214.     Heritage admits the existence of the publications referenced in footnotes 75 and 76, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 214 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 214, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

215.     Heritage admits the existence of the publications referenced in footnotes 77 and 78, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 215 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph

215, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

216.    Heritage admits the existence of the publications referenced in footnotes 79 and 80, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 216 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 216, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

217.    Heritage admits the existence of the publications referenced in footnotes 81 and 82, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 217 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 217, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

218.    To the extent that Paragraph 218 asserts legal conclusions, no response is required.  Heritage admits that it has received subpoenas from DOJ and State Attorneys General. To the extent that Paragraph 218 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 218, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

219.    Paragraph 219 asserts legal conclusions that do not require a response.  Heritage admits the existence of the publications referenced in footnotes 83, 84, 85, and 86, and refers to those publications, which speak for themselves, for a complete and accurate account of their

contents.

220.    Paragraph 220 asserts legal conclusions that do not require a response.

221.    Paragraph 221 asserts legal conclusions that do not require a response.  Heritage admits the existence of the publications referenced in footnote 87 and in Paragraph 221, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.

222.    Heritage admits that criminal charges against Glazer and Malek were filed by DOJ on December 12, 2016, and December 13, 2016, respectively, and admits that on January 9, 2017, Glazer and Malek each pleaded guilty to two felony charges concerning Doxycycline hyclate and glyburide, and Heritage refers to the text of their plea agreements and the transcripts of the proceeding at which their guilty pleas were entered, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that sentencing for both Glazer and Malek was originally set for April 2017, but the sentencing has been rescheduled.

223.    To the extent that Paragraph 223 asserts legal conclusions, no response is required.  Heritage admits that the DOJ has intervened in this multidistrict litigation and in a civil antitrust action related to generic propranolol that has subsequently been consolidated into MDL 2724.  Heritage admits the existence of the publications referenced in footnotes 88, 89, and 90, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 223 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 223, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

224.    To the extent that Paragraph 224 asserts legal conclusions, no response is

required.  Heritage admits the existence of the publication referenced in footnote 91, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents. To the extent that Paragraph 224 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 224, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

225.     To the extent that Paragraph 225 asserts legal conclusions, no response is required.  Heritage admits that Heritage and other defendants were sued by the state attorneys general, and refers to the complaint filed in that action, which speaks for itself, for a complete and accurate account of its contents.  Heritage admits the existence of the publications referenced in footnotes 92 and 93, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 225 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 225, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

226.     To the extent that Paragraph 226 asserts legal conclusions, no response is required.  Heritage admits the existence of the press release referenced in footnote 94, and refers to that press release, which speaks for itself, for a complete and accurate account of its contents. To the extent that Paragraph 226 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 226, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

227.     To the extent that Paragraph 227 asserts legal conclusions, no response is

required.  Heritage admits the existence of the publication referenced in footnote 95, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.

228.     To the extent that Paragraph 228 asserts legal conclusions, no response is required.  Heritage admits the existence of the publication referenced in footnote 96, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents. To the extent that Paragraph 228 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 228, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

229.     To the extent that Paragraph 229 asserts legal conclusions, no response is required.  Heritage admits the existence of the publication referenced in footnote 97, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents. To the extent that Paragraph 229 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 229, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

230.     Heritage admits that the State AGs and DOJ have acknowledged that their investigations are ongoing.

231.     To the extent that Paragraph 231 asserts legal conclusions, no response is required.  To the extent that Paragraph 231 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 231, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 231 present a complete, fair, and

accurate description of the matters described therein.

232.    To the extent that Paragraph 232 asserts legal conclusions, no response is required.  Heritage admits that developing generic pharmaceuticals involves costs, including the ANDA-approval process.  Heritage admits that it participates in trade associations and attends events sponsored by trade associations.  To the extent that Paragraph 232 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 232, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 232 present a complete, fair, and accurate description of the matters described therein.

233.    Paragraph 233 asserts legal conclusions that do not require a response.  To the extent that Paragraph 233 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 233, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 233 present a complete, fair, and accurate description of the matters described therein.

234.    Paragraph 234 asserts legal conclusions that do not require a response.  Heritage admits plaintiffs purport to bring this action on behalf of a class but denies that class certification is appropriate.

235.    Paragraph 235 asserts legal conclusions that do not require a response.  To the extent Paragraph 235 contains factual allegations requiring a response, Heritage denies the allegations.

236.    Paragraph 236 asserts legal conclusions that do not require a response.  To the extent Paragraph 236 contains factual allegations requiring a response, Heritage denies the

allegations.

237.    Paragraph 237 asserts legal conclusions that do not require a response.  To the extent Paragraph 237 contains factual allegations requiring a response, Heritage denies the allegations.

238.    Paragraph 238 asserts legal conclusions that do not require a response.  To the extent Paragraph 238 contains factual allegations requiring a response, Heritage denies the allegations.

239.    Paragraph 239 asserts legal conclusions that do not require a response.  To the extent Paragraph 239 contains factual allegations requiring a response, Heritage denies the allegations.

240.    Paragraph 240 asserts legal conclusions that do not require a response.  To the extent Paragraph 240 contains factual allegations requiring a response, Heritage denies the allegations.

241.    Paragraph 241 asserts legal conclusions that do not require a response.  To the extent Paragraph 241 contains factual allegations requiring a response, Heritage denies the allegations.

242.    Paragraph 242 asserts legal conclusions that do not require a response.  To the extent Paragraph 242 contains factual allegations requiring a response, Heritage lacks sufficient information to confirm or deny the allegations.

243.    To the extent that Paragraph 243 asserts legal conclusions, no response is required.  Heritage admits that it sold Doxycycline Hyclate DR to one of the named Plaintiffs during the purported Class Period.  To the extent that Paragraph 243 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph

243, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

244.    Paragraph 244 asserts legal conclusions that do not require a response.  To the extent that Paragraph 244 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 244, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

245.    Paragraph 245 asserts legal conclusions that do not require a response.  To the extent that Paragraph 245 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 245, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

246.    Paragraph 246 asserts legal conclusions that do not require a response.  To the extent that Paragraph 246 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 246, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

247.    Heritage incorporates by reference the preceding paragraphs of this Answer in response to the allegations in Paragraph 247.

248.    Paragraph 248 asserts legal conclusions that do not require a response.  To the extent Paragraph 248 contains factual allegations requiring a response, Heritage denies the allegations.

249.    To the extent that Paragraph 249 asserts legal conclusions, no response is required.  To the extent that Paragraph 249 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 249, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other

parties.

250.     To the extent that Paragraph 250 asserts legal conclusions, no response is required.  To the extent that Paragraph 250 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 250, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

251.     To the extent that Paragraph 251 asserts legal conclusions, no response is required.  To the extent that Paragraph 251 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 251, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

252.     To the extent that Paragraph 252 asserts legal conclusions, no response is required.  To the extent that Paragraph 252 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 252, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

253.     Paragraph 253 asserts legal conclusions that do not require a response.  To the extent Paragraph 253 contains factual allegations requiring a response, Heritage denies the allegations."

254.     Paragraph 254 asserts legal conclusions that do not require a response.  To the extent that Paragraph 254 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 254, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

255.    Paragraph 255 asserts legal conclusions that do not require a response.  To the extent Paragraph 255 contains factual allegations requiring a response, Heritage denies the allegations."

The "Wherefore" clause and Prayer for Relief in the Complaint do not require a response. To the extent a response is required, Heritage denies the allegations and denies that Plaintiffs are entitled to any relief on any of the claims asserted in the Complaint.

<u>SEPARATE AND ADDITIONAL DEFENSES</u>

Without assuming any burden of any matter not required by law, Heritage asserts the following affirmative and other defenses, notwithstanding any other order of this Court.  These defenses are pleaded in the alternative, and none constitutes an admission that Heritage is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  As a defense to the Complaint and each and every allegation contained therein, Heritage asserts:

<u>First Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred because the Complaint fails to set forth facts sufficient to state a claim for relief against Heritage.

<u>Second Defense</u>

Plaintiffs, and any putative class members, have not sustained any injury or damage as a result of any actions allegedly taken by Heritage, and are thus barred from asserting any claims against Heritage.

<u>Third Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury.

Fourth Defense

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because the alleged conduct of Heritage was not a proximate cause of the loss or damage, if any, to Plaintiffs.

Fifth Defense

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, to the extent any damages suffered by them were proximately caused, in whole or in part, by third parties that are neither agents nor employees of Heritage and are not under the control of Heritage.

Sixth Defense

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, to the extent they have failed to mitigate their damages, if any.

Seventh Defense

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because the alleged damages, if any, are impermissibly remote and speculative and because of the impossibility of ascertaining and allocating the alleged damages.  Heritage asserts this defense in the alternative, to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

Eighth Defense

The Complaint and each purported cause of action contained therein is barred, in whole or in part, because Plaintiffs', and any putative class members', damages, if any, were caused by independent, intervening, and/or superseding events not challenged by the Complaint, including but not limited to lawful conduct by Heritage.

<u>Ninth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Plaintiffs lack antitrust standing.

<u>Tenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, by the applicable statute of limitations.

<u>Eleventh Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Heritage owed no duty to Plaintiffs.

<u>Twelfth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, by Plaintiffs' own negligence or culpable conduct.

<u>Thirteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because the conduct of Heritage was reasonable, based upon independent, legitimate business and economic justifications, and without any purpose or intent to injure competition.

<u>Fourteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Heritage' actions have not unreasonably restrained trade or tended to destroy competition in any relevant market and because Heritage' actions were made in good faith to meet competition.

<u>Fifteenth Defense</u>

Heritage is entitled to receive indemnification or contribution from others if it were to incur liability as a result of this action.

<u>Sixteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because at all times Heritage acted in accordance with federal, state, and local laws.

<u>Seventeenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because they have failed to join indispensable parties.

<u>Eighteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because the relief sought would result in Plaintiffs' unjust enrichment.

<u>Nineteenth Defense</u>

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs impermissibly seek to recover damages on behalf of putative class members who suffered no harm.

<u>Twentieth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because any claimed injury or damage has been offset by benefits or payments Plaintiffs received.

<u>Twenty-First Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Plaintiffs are prohibited from receiving multiple recoveries or relief for the same alleged injury.

<u>Twenty-Second Defense</u>

Plaintiffs' and any putative class members' request for attorneys' fees is inappropriate as a matter of law and based on the facts of this case.

<u>Twenty-Third Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because they subject Heritage to the risk of unfair, excessive, multiple, or inconsistent obligations and deprive Heritage of due process of law.

Twenty-Fourth Defense

Plaintiffs' claims, and claims of any putative class members, on behalf of a purported class are barred because Plaintiffs cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action, including because there are not sufficient questions of law or fact that are common to the purported class.

Twenty-Fifth Defense

Heritage has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available.  Heritage has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as it becomes known to it through discovery in this matter. Heritage further reserves the right to amend its Answer and/or Affirmative Defenses accordingly and/or to withdraw Affirmative Defenses that it determines are not applicable during the course of subsequent discovery.

Twenty-Sixth Defense

To the extent applicable, Heritage hereby adopts and incorporates by reference any other defenses asserted or to be asserted by any other Defendant in this action and any other statutory defenses available to it. Heritage reserves the right to amend this Answer to add, delete, modify or raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein based upon legal theories that may be or will be divulged through discovery or through further legal analysis of Plaintiffs' position(s) in this litigation.

Twenty-Seventh Defense

To the extent applicable, Heritage intends to assert any rights that may accrue to it under the Antitrust Criminal Penalty Enhancement and Reform Act of 2004.

Heritage reserves the right to amend this Answer to assert any additional defenses when and if, in the course of discovery, investigation, or preparation for trial, it becomes appropriate to assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Heritage denies that it is liable to Plaintiffs for any amount and prays as follows:

1.      That the Court dismiss the Complaint against Heritage with prejudice;

2.      That the Court enter judgment in favor of Heritage;

3.      That this Court award Heritage its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and

4.      That this Court grant Heritage such other and/or further relief as this Court may deem just and proper.

Dated: January 31, 2019                  GIBSON, DUNN & CRUTCHER LLP

*/s/ D. Jarrett Arp*
D. Jarrett Arp
Melanie L. Katsur
Christopher B. Leach
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, DC  20036-5306
Tel: (202) 955-8500
Fax: (202) 467-0539
jarp@gibsondunn.com
mkatsur@gibsondunn.com
cleach@gibsondunn.com

Eric J. Stock
Indraneel Sur
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166
Tel.: (212) 351-4000
Fax: (212) 716-0801
estock@gibsondunn.com
isur@gibsondunn.com

*Attorneys for Defendant*
*Heritage Pharmaceuticals Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2019, I caused the foregoing Answer of Defendant Heritage Pharmaceuticals Inc.to the Consolidated Direct Purchaser Class Action Complaint to be served on the attorneys of record in this case by filing the same electronically with the Court's ECF system.


Dated:   January 31, 2019


        *D. Jarrett Arp*
        D. Jarrett Arp